CITY OF SAGINAW, Appellant,

v.

Stephen CARTER and Gail
Carter, Appellees.

No. 2–99–121–CV.

Court of Appeals of Texas,
Fort Worth.

July 8, 1999.

Rehearing Overruled Aug. 12, 1999.

Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Jason C. Marshall and Peter G. Smith, Dallas, for Appellant.

Gardner & Aldrich, P.C., Robert E. Aldrich, P.C., Robert E. Aldrich, Jr., and John F. Murphy, Fort Worth, for Appellee.

Panel B: LIVINGSTON, BRIGHAM, and HOLMAN, JJ.

## OPINION

WILLIAM BRIGHAM, Justice.

The City of Saginaw, Appellant, appeals the trial court's denial of its plea to the jurisdiction. We affirm.

### BACKGROUND

Appellees Stephen Carter and Gail Carter sued Appellant and five other defendants alleging an intentional invasion and interference with Appellees' access to and use and enjoyment of their property and an intentional and/or negligent nuisance. Appellees allege that the combined activities of the defendants have caused a tremendous increase in the volume and velocity of water flowing through their property, causing erosion, the destruction of trees and a road, and endangering their lives. Appellant filed a plea to the jurisdiction, alleging the trial court is without subject matter jurisdiction because the claims against Appellant allege actions that are exclusively governmental functions and, therefore, Appellant is immune from liability. The trial court denied the plea, and Appellant brings this interlocutory appeal alleging in a single point that such denial was erroneous.[1]

### PLEA TO THE JURISDICTION

A plea to the jurisdiction is a dilatory plea by which a party contests the trial court's authority to determine the subject matter of the cause of action. *See, e.g., State v. Benavides,* 772 S.W.2d 271, 273 (Tex.App.—Corpus Christi 1989, writ denied). The plaintiff has the burden to allege facts that affirmatively show the trial court has subject matter jurisdiction. *See Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). The question of subject matter jurisdiction is a legal question; we review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).

When considering a plea to the jurisdiction, the trial court must look solely

---

1. Section 51.014 provides for an appeal from an interlocutory order that denies a plea to the jurisdiction by a governmental unit. *See* Tex Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.1999).

to the allegations in the petition and must accept those allegations as true. *See Firemen's Ins. Co. v. Board of Regents of Univ. of Tex. Sys.*, 909 S.W.2d 540, 541 (Tex.App.—Austin 1995, writ denied). The trial court does not look at the merits of the case. *See id.* If the petition does not allege jurisdictional facts, the plaintiff's suit is subject to dismissal only when it is impossible to amend the pleadings to confer jurisdiction. *See Texas Ass'n of Bus.*, 852 S.W.2d at 446; *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied).

Appellees' second amended original petition alleges that Appellant, either singularly or in combination with others, through its operation, control, and maintenance of the streets and storm sewers in the property developments at issue, intentionally flooded Appellees' property by diverting surface water. Appellees further allege that such actions constitute both an intentional taking under article I, section 17 of the Texas Constitution and an intentional nuisance.

Appellant contends that the allegations are nothing more than a claim for negligent performance of governmental functions and that Appellant, as a municipality, is immune from suit. We disagree.

■■■ Cities are not immune from actions brought under article I, section 17[2] or from claims for nuisance[3] caused by the city's non-negligent acts. *See Golden Harvest Co. v. City of Dallas*, 942 S.W.2d 682, 688–90 (Tex.App.—Tyler 1997, writ denied). Appellees' pleadings allege intentional acts. In the absence of any pleading by Appellant that Appellees' allegations were fraudulently made to confer jurisdiction where it would not otherwise exist, we must take Appellees' petition as true for the purpose of determining jurisdiction, regardless of the truth of such allegations. *See Corsicana Indep. Sch. Dist. v. Corsicana Venetian Blind Co.*, 270 S.W.2d 296, 297 (Tex.App.—Waco 1954, no writ).

■■■ The supreme court has held that "sovereign immunity may not be asserted as a jurisdictional obstacle to the trial court's power to hear cases against governmental defendants." *See Davis v. City of San Antonio*, 752 S.W.2d 518, 520 (Tex. 1988). In *Davis*, the court found that because the city had not met its burden to plead affirmative defenses, it was not entitled to a directed verdict on grounds of immunity. *See id.* at 519. Applying similar reasoning in a pretrial context, we hold that sovereign immunity may not be asserted as grounds for dismissal for want of jurisdiction before the parties have had an opportunity to conduct discovery, absent allegation and proof that the plaintiff has pleaded fraudulently to confer jurisdiction where it would not otherwise exist.

Because Appellees have alleged causes of action against Appellant that, if taken as true, are not barred on grounds of immunity and because Appellant has not alleged that Appellees' pleadings were fraudulent

---

**2.** "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person...." TEX. CONST. art. I, § 17. If the government appropriates property without paying adequate compensation, the owner may recover resulting damages in an inverse condemnation suit. *See Tarrant County v. English*, 989 S.W.2d 368, 373 (Tex.App.—Fort Worth 1998, writ denied). To recover on an inverse condemnation theory, a property owner must establish that the governmental entity intentionally performed acts that resulted in the taking, damaging, or destruction of the owner's property for public use. *See id.*

**3.** Nuisance is an alternative ground of recovery under article I, section 17. *See id.* at 374. A municipality is liable for the creation of a nuisance in the course of the non-negligent performance of a governmental function. *See id.* To be a nuisance within the exception to sovereign immunity, the condition must in some way constitute an unlawful invasion of the property or rights of others that is inherent in the thing or condition itself, beyond that arising from its negligent or improper use. *See id.* Thus, if a governmental function cannot be performed non-negligently without injuring a private citizen's property, the governmental entity must bear the loss. *See id.*

and made solely to confer jurisdiction, we hold that the trial court properly denied Appellant's plea to the jurisdiction. The parties will have an opportunity to develop the facts through discovery. Appellant's contention that the facts alleged are insufficient to show intentional actions may be properly addressed on summary judgment. Therefore, we overrule Appellant's point.

### CONCLUSION

Having overruled Appellant's sole point, we affirm.