DENTON COUNTY, Texas, Appellant,

v.

Donald HOWARD, Appellee.

No. 2-99-278-CV.

Court of Appeals of Texas,
Fort Worth.

June 15, 2000.

Bruce Isaacks, Denton County, Crim. Dist. Atty., Hugh Emerson Coleman, Asst. Dist. Atty., Denton, for Appellant.

William Trantham & Associates, William E. Trantham, Denton, for Appellee.

PANEL A: CAYCE, C.J.; DAUPHINOT, J.; WILLIAM BRIGHAM, J. (Retired, Sitting by Assignment).

## OPINION

LEE ANN DAUPHINOT, Justice.

### INTRODUCTION

In this interlocutory appeal, Appellant Denton County, Texas (the County) appeals from the trial court's order denying its plea to the jurisdiction on the ground of sovereign immunity. Because we hold that the trial court properly denied the County's plea to the jurisdiction, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

The Denton County Sheriff's Department Inmate Commissary (the Commissary) entered into a contract and agreement (the contract) with Appellee Donald Howard (Howard), doing business as The Carwildon Group (Carwildon), to perform librarian services, maintenance of the inmate leisure library, and GED tutoring for the inmates of the Denton County Detention Facility. The original term of the contract was from October 1, 1996 to September 30, 1997. The contract specified that it could be extended by written agreement of the parties and could be terminated by either party without cause with fourteen days written notice to the other party.

Additionally, the contract provided that the Support Services Captain would direct Howard's job duties, that the Commissary would pay Howard ten dollars per hour for up to twenty hours per week, and that the Support Services Captain was required to approve any overtime hours. Carwildon was responsible for preparing and submitting a weekly invoice to the Support Services Captain for approval. The invoice would then be forwarded to the Commissary for payment. Carwildon's invoices were signed by Howard as "Contractor" and by Captain Betty Chancellor (Chancellor) of the Denton County Sheriff's Office as "Contract Supervisor." The invoices directed the Commissary to make all checks payable to Carwildon.

Howard alleges that while updating records on the Denton County Sheriff's Chaplain's computer, he discovered that the computer had been used to access 250 to 300 homosexual websites on the internet. Because Howard believed that this activity constituted an illegal use of government property, he reported the information to Captain Bob Powell (Powell) on July 28, 1998. At an August 20, 1998 lunch meeting, Howard told Powell that the computer had been used to access an additional 250 homosexual websites and that he "had caught the Chaplain holding his crotch while viewing a homosexual websight [sic] in his office." On August 25, 1998, Chancellor informed Howard that his services would not be needed after August 31, 1998.

Howard filed a whistleblower suit against the County, seeking reinstatement and damages. The County filed a plea to the jurisdiction, asserting that because Howard was an independent contractor, not a public employee, sovereign immunity was not waived and the trial court lacked subject matter jurisdiction over the suit. Howard submitted an affidavit in response to the County's plea to the jurisdiction as support for his contention that he was an employee of the County. At the hearing on the plea to the jurisdiction, the County objected to Howard's affidavit on the ground that it was not based on personal knowledge. The trial court sustained the County's objection to Howard's affidavit and denied the County's plea to the jurisdiction. In its sole issue on appeal, the County argues that the trial court erred in denying its plea to the jurisdiction.

## JURISDICTION OF THIS COURT

■ Initially, we must address Howard's assertion that this court does not have jurisdiction over this appeal. Section 51.014 of the civil practice and remedies code provides that a "person" may appeal from an interlocutory order of a district court, county court at law, or county court that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001."[1] Section 101.001 defines "governmental unit" as a political subdivision of this state, including any county.[2]

Howard contends that under section 51.014 only a *person* may appeal an interlocutory order granting or denying a governmental unit's plea to the jurisdiction

---

**1.** TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2000).

**2.** *Id.* § 101.001(3)(B).

and that because the County is not a person, this court does not have jurisdiction over this appeal. We disagree. The Texas Supreme Court has noted that although section 51.014 itself does not define the term "person," other statutory provisions make clear that the term encompasses governments and governmental subdivisions.[3] Specifically, the Code Construction Act, which generally applies to the construction of the provisions of the civil practice and remedies code, states that the definition of "person" includes any government or governmental subdivision or agency.[4] Because the County is included within the definition of "person" and because the County is appealing the trial court's interlocutory order denying its plea to the jurisdiction, we conclude that we have jurisdiction over this appeal.

## PLEA TO THE JURISDICTION

### *Applicable Law*

◼ The Texas Supreme Court has long recognized that sovereign immunity, unless waived, protects the State of Texas, its agencies, and its officials from lawsuits for damages, absent legislative consent to sue the State.[5] The doctrine of sovereign immunity embraces two distinct principles: immunity from liability and immunity from suit.[6] Immunity from liability protects the State from judgment even if the Legislature has expressly consented to the suit.[7]

Immunity from liability is an affirmative defense and does not affect a court's jurisdiction to hear a case.[8]

◼ Conversely, immunity from suit bars a suit against the State unless the State expressly consents to the suit.[9] "In other words, although the claim asserted may be one on which the State acknowledges liability, this rule precludes a remedy until the Legislature consents to suit."[10] The party suing the governmental entity must establish the State's consent, which may be alleged either by reference to a statute or to express legislative permission.[11] Legislative consent for suit or any other sovereign immunity waiver must be by clear and unambiguous language.[12] Absent the State's consent to the suit, a trial court lacks subject matter jurisdiction over the suit.[13] Because immunity from suit defeats a trial court's subject matter jurisdiction, it is properly asserted in a plea to the jurisdiction.[14]

◼ The plaintiff has the burden to allege facts that affirmatively demonstrate that the trial court has subject matter jurisdiction over the suit.[15] In considering a plea to the jurisdiction, the trial court must look solely at the allegations in the petition and must accept those allegations as true, unless the defendant *pleads and proves* that the allegations were fraudulently made to confer jurisdiction.[16]

---

3. *See City of Houston v. Kilburn,* 849 S.W.2d 810, 811–12 (Tex.1993).

4. TEX. GOV'T CODE ANN. § 311.005(2) (Vernon 1998); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 1.002; *see also Kilburn,* 849 S.W.2d at 811–12.

5. *See Federal Sign v. Texas S. Univ.,* 951 S.W.2d 401, 405 (Tex.1997).

6. *See id.*

7. *See Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999).

8. *See id.*

9. *See id.; Federal Sign,* 951 S.W.2d at 405.

10. *Federal Sign,* 951 S.W.2d at 405.

11. *See Jones,* 8 S.W.3d at 638.

12. *See Federal Sign,* 951 S.W.2d at 405.

13. *See Jones,* 8 S.W.3d at 638.

14. *See id.* at 639.

15. *See Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993); *City of Saginaw v. Carter,* 996 S.W.2d 1, 2 (Tex. App.—Fort Worth 1999, pet. filed).

16. *See Curbo v. State,* 998 S.W.2d 337, 341 (Tex.App.—Austin 1999, no pet. h.); *Little–Tex Insulation Co. v. General Servs. Comm'n,* 997 S.W.2d 358, 360 (Tex.App.—Austin 1999, pet. filed); *Carter,* 996 S.W.2d at 2–3.

Therefore, to successfully challenge at the pretrial stage the trial court's jurisdiction to hear the subject matter of the plaintiff's claim, the defendant must establish either: (1) that the plaintiff's pleadings, taken as true, affirmatively establish that the trial court lacks subject matter jurisdiction over the suit; or (2) that the plaintiff pled fraudulently or in bad faith with the purpose of conferring jurisdiction, where under the true facts of the case the trial court would not have jurisdiction.[17]

Because the question of subject matter jurisdiction is a legal question, we review the trial court's order denying the County's plea to the jurisdiction under a de novo standard of review.[18] In reviewing the trial court's order, "[o]ur task is not to determine whether the plaintiffs ultimately win or lose upon judicial review; rather, our task is to examine the petition, to take as true the facts pleaded, and to determine whether those facts support jurisdiction in the trial court."[19]

### Application of Law to Facts

In his petition, Howard alleges that this suit is a state whistleblower suit brought pursuant to chapter 554 of the government code.[20] The Texas Whistleblower Act (the Act) prohibits a state or local governmental entity from suspending or terminating the employment of, or taking other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.[21]

The Act contains a waiver of the State's sovereign immunity:

A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter.[22]

This court has held that the Act clearly and unambiguously waives the State's sovereign immunity as to suits seeking redress for retaliation against public employees who in good faith report a violation of the law.[23] Howard has referenced a statute that specifically waives the State's sovereign immunity; we now must determine whether the factual allegations in Howard's petition state a cause of action under the Act's waiver of sovereign immunity.[24]

The factual allegations in Howard's petition state that he was an employee of Denton County and that he was terminated because he reported that the computer had been used to view homosexual websites. Specifically, regarding his alleged status as a public employee, Howard alleges that he "is a former employee of the Denton County Sheriff's Office.... At all times referred to herein, the plaintiff was employed by the Denton County Sheriff's Office.... Denton County employed the Plaintiff as an instructor and librarian for the Denton County Jail from December 1995 to August 1998." Howard's pleadings, taken as true, do not affirmatively establish that the trial court lacks subject matter jurisdiction over this suit.

---

**17.** *See Curbo,* 998 S.W.2d at 342.

**18.** *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *Carter,* 996 S.W.2d at 2.

**19.** *University of Tex. Med. Branch v. Hohman,* 6 S.W.3d 767, 771 (Tex.App.—Houston [1 st Dist.] 1999, pet. dism'd w.o.j.) (op. on reh'g).

**20.** Tex. Gov't Code Ann. §§ 554.001–.010 (Vernon Supp.2000).

**21.** *See id.* § 554.002(a).

**22.** *Id.* § 554.0035; *see also Hohman,* 6 S.W.3d at 772 (noting that the Act contains waiver of State's sovereign immunity).

**23.** *See Tarrant County v. Bivins,* 936 S.W.2d 419, 421 (Tex.App.—Fort Worth 1996, no writ).

**24.** *See Hohman,* 6 S.W.3d at 772.

To establish the trial court's lack of jurisdiction, therefore, the County must establish that Howard acted fraudulently or in bad faith in pleading that he was an employee of the County in order to confer subject matter jurisdiction on the trial court.[25]

In its plea to the jurisdiction, the County asserted that Howard "has fraudulently [pled] that he was an independent contractor in order to confer jurisdiction upon this Court." Although the County stated that Howard had fraudulently pled that he was an *independent contractor,* we believe that the County meant to state that Howard had fraudulently pled that he was an *employee,* as evidenced by Howard's pleading that he was an employee and by the County's argument in the trial court and on appeal that Howard was not an employee, but was an independent contractor.

The Act provides that a "public employee" may bring a whistleblower action against the state or local governmental entity.[26] "Public employee" is defined as "an employee or appointed officer *other than an independent contractor* who is paid to perform services for a state or local governmental entity."[27] The County contends that Howard was an independent contractor doing business with the Sheriff's Department and that he therefore cannot invoke the trial court's jurisdiction under the Act.

■ The Texas Supreme Court has held that the test for determining whether a worker is an employee or an independent contractor is whether the employer has the right to control the progress, details, and methods of operations of the employee's work.[28] In determining whether an employer has the right to control the individual's work, courts generally analyze five factors: (1) the independent nature of the worker's business; (2) the worker's obligation to furnish the necessary tools, supplies, and materials to perform the job; (3) the worker's right to control the progress of the work except as to final results; (4) the time for which the worker is employed; and (5) whether the worker is paid by time or by job.[29]

■ In support of its assertion that Howard was an independent contractor, the County offered the following evidence:

(1) the affidavit of Georgiana McCoig, the Assistant Director of Human Resources for the County and custodian of the County's personnel records, which states that, after reviewing the employee records for the County, McCoig does not find that Howard has ever been an employee of the County; that an application for the employment of Howard was not processed through the Denton County Human Resources Department and the Denton County Commissioners Court; and that Howard never received any of the standard benefits provided to an employee of the County;

(2) Chancellor's affidavit, which states that on October 1, 1996, Carwildon was contracted by the Commissary to provide GED tutoring, maintenance of the inmate leisure reading library, and librarian duties; that Carwildon provided invoices; that payments were made to

---

25. *See Jansen v. Fitzpatrick,* 14 S.W.3d 426, 433 (Tex.App.—Houston [14th Dist.] 2000, no pet.) (holding that because trial court did not lack jurisdiction from face of plaintiffs' pleadings, it was incumbent upon defendant challenging jurisdiction to assert and prove that allegations in pleadings were fraudulent either by filing affidavits and discovery products or by calling live witnesses to testify); *Curbo,* 998 S.W.2d at 342.

26. Tex. Gov't Code Ann. §§ 554.002(a), 554.0035.

27. *Id.* § 554.001(4) (emphasis added).

28. *See Thompson v. Travelers Indem. Co.,* 789 S.W.2d 277, 278 (Tex.1990).

29. *See Bennack Flying Serv., Inc. v. Balboa,* 997 S.W.2d 748, 751 (Tex.App.—Corpus Christi 1999, pet. dism'd w.o.j.); *Household Credit Servs., Inc. v. Driscol,* 989 S.W.2d 72, 86 (Tex.App.—El Paso 1998, pet. denied).

Carwildon through the Denton County Jail Inmate Commissary Fund; and that income taxes and social security taxes were not withheld from payments made to Carwildon for the benefit of Howard;

(3) the affidavit of Mandy Smithers, the custodian of records for the Denton County Sheriff's Office Legal Department, authenticating an attached copy of the contract;

(4) a copy of the contract;

(5) the affidavit of Kay Hayney, the custodian of records for the Denton County Jail Inmate Commissary Fund, authenticating the attached copies of the invoices from Carwildon; and

(6) copies of eight invoices from Carwildon.

We conclude that the County's evidence does not establish as a matter of law that Howard was an independent contractor. Although we do not conclude that Howard has established as a matter of law that he was an employee, we do determine that Howard was reasonable in understanding that he was an employee. The County's evidence does not establish how much control the County exercised over Howard's work. The contract, however, does state that Howard's "[j]ob duties are directed by the Support Services Captain." The County's evidence also does not reveal whether Howard provided his own supplies for tutoring and library services or whether he used the County's supplies.

The evidence does reflect that the County did not retain Howard's services for a specific project. Rather, the Commissary entered into a contract with Howard to provide ongoing services for an original term of one year from October 1, 1996 to September 30, 1997, which could be ex-tended by written agreement of the parties. Howard continued working for the Commissary after this original term, as evidenced by his pleading that he discovered the websites while working on July 21, 1998. We also note that Howard was paid by the hour, not by the job, and that the contract required that he submit an invoice or time sheet on a weekly basis to the Support Services Captain for approval and required that he obtain approval from the Support Services Captain to work hours in excess of twenty hours per week. Based on this evidence, we conclude it was reasonable for Howard to understand that he was an employee and to, therefore, plead that he was an employee.[30]

In reviewing the trial court's denial of the County's plea to the jurisdiction, we are determining only whether the County pled and proved that Howard fraudulently pled that he was an employee in order to confer jurisdiction on the trial court. Although the County did adequately plead Howard's fraud, the County does not point to any evidence demonstrating Howard's fraud or bad faith. The fact that the trial court or the jury may ultimately determine that Howard was an independent contractor does not prove that Howard acted fraudulently or in bad faith when he pled that he was an employee.

After reviewing the pleadings that were before the trial court when it considered the plea to the jurisdiction, we find nothing on the face of Howard's petition or in the record that proves that Howard acted fraudulently or in bad faith in pleading that he was an employee.[31] We therefore hold that the trial court was correct in denying the County's plea to the jurisdiction. In so holding, we are not deciding

---

**30.** See Curbo, 998 S.W.2d at 344 (holding that because plaintiffs were reasonable in interpreting defendant's grievance procedure to apply only to active employees, plaintiffs did not act in bad faith when they alleged that no applicable grievance procedure existed).

**31.** See Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 449 (Tex.1996) (holding that while damages alleged by plaintiff in her amended petitions "may raise some suspicion, there is neither anything on the face of those petitions suggesting nor any evidence in the record proving that the amount in controversy was fraudulently alleged. In such a case, the averments in the petition control.").

whether Howard was an independent contractor or an employee, nor do we express any opinion as to whether sovereign immunity may ultimately bar Howard's claim.

## REQUEST FOR SANCTIONS

Howard argues that this court should sanction the County and its attorney for filing a frivolous appeal. Rule 45 of the rules of appellate procedure does authorize this court to award just damages to a prevailing party, if we determine that the appeal is frivolous.[32] Although we are affirming the trial court's order, we do not determine that this appeal is frivolous. Consequently, we deny Howard's request for sanctions.

## CONCLUSION

Because we hold that the trial court was correct in denying the County's plea to the jurisdiction, we overrule the County's sole issue on appeal and affirm the trial court's order denying the plea to the jurisdiction. Further, because we do not determine that this appeal is frivolous, we deny Howard's request for sanctions.