OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

April 12, 2001

The Honorable Susan D. Reed
Bexar County Criminal District Attorney
Bexar County Justice Center
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Opinion No. JC-0366

Re: Whether a county bail bond board may consider an independent appraisal of real property executed in trust from bondsmen for the purpose of determining their limit for executing bonds (RQ-0317-JC)

Dear Ms. Reed:

You inquire about the construction of chapter 1704 of the Occupations Code, which governs the licensing and regulation of persons acting as bail bond sureties in counties with bail bond boards. The 76th Texas Legislature adopted the Occupations Code as a nonsubstantive revision of statutes on the licensing and regulation of certain professions and business practices.[1] In repealing and codifying former article 2372p-3 of the Revised Civil Statutes as Occupations Code chapter 1704, the legislature omitted the language contained in section 6(f)(2) of former article 2372p-3 that required an applicant for licensure to submit an independent appraisal of property executed in trust to the county bail bond board.[2] Another provision that required the applicant to submit the current tax appraisal prepared for the taxing unit was included in the Occupations Code. *See* TEX. OCC. CODE ANN. § 1704.155 (Vernon 2001). The value of bonds that a licensee may write is based on the value of the security he or she has provided the county bail bond board. The Bexar County Bail Bond Board asks whether it may still consider an independent appraisal of real property that will provide security for the bail bond business, and if not, whether it may consider only the appraisal received from the county appraisal district in determining real property value.[3] We conclude that the applicant for a license may still submit an independent appraisal of real property to the Bexar County Bail Bond Board, and the board may still consider the independent appraisal in determining the value of the real property.[4]

---

[1]*See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, 1999 Tex. Gen. Laws 1431, 2277-91.

[2]*Compare* Act of May 17, 1989, 71st Leg., R.S., ch. 951, § 1, 1989 Tex. Gen. Laws 4016, 4017, *with* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, secs. 1704.001-.306, 1999 Tex. Gen. Laws 1431, 2277-91. *See also* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 6, 1999 Tex. Gen. Laws 1431, 2439-40 (repealing article 2372-p of the Revised Civil Statutes.

[3]*See* Letter from Honorable Susan D. Reed, Bexar County Criminal District Attorney, to Honorable John Cornyn, Attorney General of Texas at 1 (Nov. 22, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

[4]House Bill 3531, filed March 9, 2001, is pending before the Seventy-seventh Texas Legislature and proposes
(continued...)

Chapter 1704 of the Occupations Code establishes a county bail bond board in each county with a population of 110,000 or more and authorizes the creation of a board in a county with a population of less than 110,000. *See* TEX. OCC. CODE ANN. §§ 1704.051, .052 (Vernon 2001). The board is responsible for issuing licenses authorizing individuals and corporations to conduct a bail bond business. *Id.* § 1704.101(5), (6), (7). The provision you inquire about applies to individual and not corporate applicants for licensure as bail bond sureties, and we will limit our discussion accordingly.

To be eligible for a bail bond license, a person must, among other requirements, "possess the financial resources required to comply with Section 1704.160" of the Occupations Code, the provision establishing security requirements that a licensed bail bond surety must meet. *See id.* §§ 1704.152(a)(3), .160; *see also id.* § 1704.204 (surety required to pay judgment on forfeiture of bail bond). Section 1704.160 provides that an individual applicant for a license may (1) "deposit with the county treasurer a cashier's check, certificate of deposit, cash, or cash equivalent" or (2) "execute in trust to the board" nonexempt real property that the applicant owns. *Id.* § 1704.160(a)(1). Each kind of security must have the minimum value required by statute, *see id.* § 1704.160(b), (c), and the total value of bail bonds that a licensee may execute is limited to a multiple of the amount of security deposited or executed under section 1704.160. *See id.* § 1704.203.[5] Thus, the value of the security provided by a licensee directly affects the total value of bail bonds that the licensee may issue.

An applicant for licensure who intends to execute deeds to real property in trust to the board must provide certain information for each parcel. Among other information, the applicant must provide:

> a current statement from each taxing unit authorized to impose taxes on the property showing:
>
> (A) that there is no outstanding tax lien against the property; and
>
> (B) the net value of the property according to a current appraisal made by a real estate appraiser who is a member in good

---

[4](...continued)
the following amendment to section 1704.160(c) of the Occupations Code:

> (c) The property executed in trust under Subsection (a) (1) (B) must be valued in the amount indicated by the appraisal district in which the property is located.

[5]*See* Act of May 25, 1999, 76th Leg., R.S., ch. 1096, § 1, 1999 Tex. Gen. Laws 3962. This act amends former article 2372p-3, subsections 6(g) and (h), of the Revised Civil Statutes, which is now section 1704.203 of the Occupations Code, and adds subsections 6(i) through (k) to former article 2372p-3 without reference to its repeal and nonsubstantive revision by the 76th Texas Legislature as chapter 1704 of the Occupations Code. An amendment to a statute that is repealed by a code is preserved and given effect as part of the code provision that amended the statute. *See* TEX. GOV'T CODE ANN. § 311.031(c) (Vernon 1998).

standing of a nationally recognized professional appraiser society or trade organization that has an established code of ethics, educational program, and professional certification program.

TEX. OCC. CODE ANN. § 1704.155(2) (Vernon 2001).

Under former article 2372p-3, when an application was conditionally approved, an applicant planning to use real property as security was required to execute deeds to real property in trust to the board "*which property shall be valued in the amount indicated on an appraisal by a real estate appraiser*" with the qualifications that section 1704.155(2) requires for the appraiser for the taxing unit.[6] The bill that adopted the Occupations Code omitted the italicized language on valuing real property that was included in former article 2372p-3. Under chapter 1704 of the Occupations Code, when an application is conditionally approved, an individual applicant who wishes to use real property as security must "execute in trust to the board each deed to the property listed on the application." TEX. OCC. CODE ANN. § 1704.160(a)(1) (Vernon 2001). There is no reference in section 1704.160 or any other provision of chapter 1704 to valuing the property in the amount indicated on an appraisal by a real estate appraiser. Despite the apparently inadvertent omission of this language, we must give effect to chapter 1704 as adopted by the legislature. *See Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 286 (Tex. 1999).

We turn to the questions you submit on behalf of the Bexar County Bail Bond Board. You ask whether there is still any statutory basis for considering an individual bondsman's independent appraisals of real property executed in trust to the board for the purpose of determining property value. *See* Request Letter, *supra* note 3, at 1. If not, you ask whether a county bail bond board is now required to use the taxing unit's valuation as submitted by an applicant under section 1704.155(2) of the Occupations Code to determine real property values in setting bond limits. *See id.*

Chapter 1704 of the Occupations Code assumes that the board will be able to determine the value of real property executed in trust to it. Section 1704.160(c) states that "[t]he total value of the property executed in trust . . . may not be less than $50,000," or may "not be less than $10,000 in a county with a population of less than 250,000." TEX. OCC. CODE ANN. § 1704.160(c) (Vernon 2001). Before a hearing on an application for licensing, the board or its representative "shall determine whether the applicant . . . possesses the financial resources to comply with Section 1704.160." *Id.* § 1704.157(1); *see id.* § 1704.152 (individual must possess financial resources required to comply with section 1704.160 to be eligible for a license). A license holder may not execute bail bonds in a total amount that exceeds a multiple of the value of the security deposited or executed by the license holder under section 1704.160. *See id.* § 1704.160.[7] At any time, moreover, a license holder may increase his or her limit on bail bonds by depositing or executing

---

[6]*See* Act of May 17, 1989, 71st Leg., R.S., ch. 951, § 1, 1989 Tex. Gen. Laws 4016, 4017 (emphasis added) (amending section 6(f)(2) of former article 2372p-3, Revised Civil Statutes).

[7]*See* Act of May 25, 1999, 76th Leg., R.S., ch. 1096, § 1, 1999 Tex. Gen. Laws 3962; *see also supra* note 5.

additional security. *See id.* § 1704.203(d); *see also id.* § 1704.206 (licensee must deposit or execute additional security if a final judgment on forfeiture of bail bond is paid from existing security). For these provisions to have effect, the board must be able to ascertain the value of the real property.

The board may not require the applicant to submit an independent appraisal of his or her real property, because it has no authority to impose requirements in addition to statutory requirements on applicants for licensure as bail bond sureties. *See Bexar County Bail Bond Bd. v. Deckard*, 604 S.W.2d 214, 216 (Tex. Civ. App.–San Antonio 1980, no writ) (board could not require applicants for licensure to file letter of credit in the amount of $100,000); Tex. Att'y Gen. Op. No. JC-0128 (1999) (board may not require corporate surety to furnish a letter of credit for each of its licensed agents in the county); Tex. Att'y Gen. LO-97-102, at 2 (board may not require individual applicant to provide either a title opinion or title insurance for real property conveyed in trust). Nor may the board obtain an independent appraisal of the property. *See Walstad v. Dallas County Bail Bond Bd.*, 996 S.W.2d 314, 317 (Tex. App.–Dallas 1999, no pet.) (board has no authority to obtain an independent appraisal of property submitted by applicant).

While the board lacks statutory authority to require an applicant for licensure to submit independent appraisals of real property, the applicant is not barred from voluntarily submitting evidence of the value of his or her property, including an appraisal by an independent appraiser. The board may consider that information in determining the value of the real property to serve as security, pursuant to its authority to determine whether the applicant possesses the necessary financial resources and to conduct a hearing on the application after making this determination. *See* TEX. OCC. CODE ANN. §§ 1704.157(1), .158(a) (Vernon 2001). During the hearing, the board may submit to the applicant or the applicant's agent questions relevant to its decision on the application, and the applicant may present oral and documentary evidence. *See id.* § 1704.158(b). The grant of power to conduct hearings and make determinations is a grant of adjudicative power, which is distinguished from the board's grant of rule-making or legislative power. *See Deckard*, 604 S.W.2d at 216-17 (administrative powers of county bail bond board). *See generally Garcia-Marroquin v. Nueces County Bail Bond Bd.*, 1 S.W.3d 366, 374 (Tex. App.– Corpus Christi 1999, no pet.); *Harris County Bail Bond Bd. v. Burns*, 790 S.W.2d 862, 864 (Tex. App.–Houston [14th Dist.] 1990, writ denied). Thus, while the board may not exercise its rule-making power to impose additional qualifications or requirements upon the applicant, it may, in the exercise of its adjudicative power, consider evidence relevant to the applicant's compliance with the qualifications established by statute. Accordingly, if an individual bondsman voluntarily provides a county bail bond board with independent appraisals of real property executed in trust to the board, the board may consider this information in determining the value of the property. *But see supra* note 4. In view of our answer to your first question, we need not answer your second question.

## S U M M A R Y

        Absent statutory authority, a county bail bond board may not require an applicant for licensing to submit an independent appraisal of real property to be executed in trust to the board as security for writing bail bonds.[8] The applicant for a license may voluntarily submit to a county bail bond board an independent appraisal or other evidence of the value of his or her property, and the board may consider the independent appraisal or other evidence in determining the value of the applicant's real property.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee

---

[8]House Bill 3531, filed March 9, 2001, is pending before the Seventy-seventh Texas Legislature and proposes the following amendment to section 1704.160(c) of the Occupations Code:

    (c) The property executed in trust under Subsection (a) (1) (B) must be valued in the amount indicated by the appraisal district in which the property is located.