COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
TEXAS DEPARTMENT OF                              ) 
TRANSPORTATION,                       )                  No. 08-03-00425-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                 County Court at Law No. 3
)
LIBRADO ARZATE, ET AL.,                           )                  of El Paso County, Texas
)
                                    Appellees.                        )                  (TC# 2002-1287)

O P I N I O N

            The Texas Department of Transportation appeals the trial court’s denial of its plea to the
jurisdiction pursuant to Section 51.014(a)(8) of the Texas Civil Practices and Remedies Code. See
Texas Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999)(holding that a governmental
defendant may contest in a plea to the jurisdiction whether the State has waived immunity from suit). 
For the reasons that follow, we reverse and render.
FACTUAL SUMMARY
            This case involves a horrific and tragic accident which occurred on a stretch of roadway well
known to daily commuters for its high death toll. On the morning of February 27, 2002, Estella
Martinez was driving a vehicle westbound in the 1700 block of West Paisano, a state highway, in
El Paso, Texas.


 She carried four passengers in her car. The plaintiffs below claimed that a dump
truck clipped the rear of the car causing Martinez to lose control of the vehicle.


 Her car then
traveled across the low and narrow median into the eastbound lane of Paisano, where it collided
head-on with another vehicle, killing its driver. The crash also resulted in the death of Martinez and
three of her passengers. 
PROCEDURAL SUMMARY
            The survivors of Martinez and the passengers killed in the crash, together with the one
surviving passenger, brought suit against TxDOT. After filing their original petition and their first
amended petition, the plaintiffs filed a notice of nonsuit without prejudice as to TxDOT, which the
trial court granted. In their second amended petition, however, the plaintiffs again sued TxDOT, the
driver of the dump truck,


 the business that owned the dump truck, and its owner. Pertinent to this
appeal, they alleged that:
• TxDOT negligently maintained the stretch of road by failing to place jersey barricades in
the median on a one-half mile stretch in the 1700 block of Paisano when barricades were
placed on the outer lanes and at other locations along the street; 
 
• TxDOT had a duty under the Uniform Manual on Traffic Devices to properly maintain that
stretch of Paisano by placing a median barricade at that location; 
 
• TxDOT’s failure to place a median barricade created a dangerous condition; and
 
• TxDOT’s conduct was grossly negligent due to negligent maintenance, the high rates of
speed allowed on this stretch of roadway, and the narrow two to three inch median. 
 
            TxDOT filed a plea to the jurisdiction asking that the suit be dismissed, contending that the
plaintiffs’ claims fell outside the Texas Tort Claims Act because there had been no waiver of
sovereign immunity. It also claimed that while the plaintiffs’ framed their cause of action as a case
of negligent maintenance, in substance the suit merely criticized a discretionary road design. Finally,
TxDOT contested the allegation that the Texas Manual on Uniform Traffic Control Devices created
a legal duty to place a barricade in that location because the manual constitutes only a guideline, not
a standard for liability. 
            The plaintiffs responded that TxDOT had a duty to maintain state highways and to warn
about dangerous conditions posing an unreasonable risk of harm. They also argued that these
maintenance activities were at the operational level, were not discretionary, and were not immune
from liability. In addition, they maintained that this was a premises defect case, not a suit addressing
discretionary design. The trial court denied the plea to the jurisdiction, and this appeal follows. 
Plaintiffs below are referred to collectively herein as Appellees.
PLEA TO THE JURISDICTION
            A plea to the jurisdiction is a dilatory plea by which a party contests the trial court’s authority
to determine the subject matter of the cause of action. City of Saginaw v. Carter, 996 S.W.2d 1, 2
(Tex.App.--Fort Worth 1999, pet. dism’d w.o.j.); State v. Benavides, 772 S.W.2d 271, 273
(Tex.App.--Corpus Christi 1989, writ denied). The plaintiff has the burden to allege facts 
affirmatively demonstrating that the trial court has subject matter jurisdiction. Texas Ass’n of Bus.
v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); City of Saginaw, 996 S.W.2d at 2. In
the context of suit against a governmental unit, the plaintiff must allege consent to suit either by
reference to statute or express legislative permission. Jones, 8 S.W.3d at 638; Missouri Pac. R.R.
Co. v. Brownsville Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970); Texas Parks & Wildlife
Dep’t v. Garrett Place, Inc., 972 S.W.2d 140, 143 (Tex.App.--Dallas 1998, no pet.). 
Standard of Review
            Subject matter jurisdiction is a legal question which we review de novo. City of Saginaw,
996 S.W.2d at 2; Texas Dep’t of Health v. Doe, 994 S.W.2d 890, 892 (Tex.App.-- Austin 1999, pet.
dism’d by agr.). We look solely to the allegations in the petition and accept them as true. See City
of Saginaw, 996 S.W.2d at 2-3; Firemen’s Ins. Co. of Newark, N.J. v. Board of Regents of
University. of Texas System, 909 S.W.2d 540, 541 (Tex.App.--Austin 1995, writ denied). We do not
examine the merits of the case. See City of Saginaw, 996 S.W.2d at 3. If the petition does not allege
jurisdictional facts, the plaintiff’s suit is subject to dismissal only when it is impossible to amend the
pleadings to confer jurisdiction. City of Saginaw, 996 S.W.2d at 3; see Texas Ass’n of Bus., 852
S.W.2d at 446; Liberty Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 739 (Tex.App.--Austin 1994, writ
denied).
Texas Tort Claims Act
            In Point of Error One, TxDOT argues that Appellees’ claims are not within the scope of the
Texas Tort Claims Act and that there has been no waiver of sovereign immunity under Section
101.056 of the Texas Civil Practice and Remedies Code. In Point of Error Two, the Department
contends that discretionary acts of the sovereign remain immune. We will address these issues
together. 
            TxDOT, as a state agency, is immune from suit unless that immunity is waived. Tex. Dep’t
of Transp. v. City of Floresville Elec. Power & Light Sys., 53 S.W.3d 447, 455 (Tex.App.--San
Antonio 2001, no pet.), citing Tex. Dep’t of Transp. v. Able, 35 S.W.3d 608, 611 (Tex. 2000). The
Act provides that a governmental unit in the state is liable for: 
(1) property damage, personal injury, and death proximately caused by the wrongful
act or omission or the negligence of an employee acting within his scope of
employment if: 
 
(A) the property damage, personal injury, or death arises from the operation
or use of a motor-driven vehicle or motor-driven equipment; and 
 
(B) the employee would be personally liable to the claimant according to
Texas law; and 
 
(2) personal injury and death so caused by a condition or use of tangible personal or
real property if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law. 

Tex.Civ.Prac.&Rem.Code Ann. § 101.021 (Vernon 1997). The Act does not apply to:
(1) the failure of a governmental unit to perform an act that the unit is not required
by law to perform; or 
 
(2) a governmental unit’s decision not to perform an act or on its failure to make a
decision on the performance or nonperformance of an act if the law leaves the
performance or nonperformance of the act to the discretion of the governmental unit. 

Tex.Civ.Prac.&Rem.Code Ann. § 101.056.
            The installation of roadway safety devices is discretionary. See Stanford v. State, 635 S.W.2d
581, 582 (Tex.App.--Dallas 1982, writ ref’d n.r.e). Sovereign immunity precludes a plaintiff from
alleging misfeasance on the part of the government by failing to install certain safety features, such
as guard rails and stop signs. See id; Miller v. City of Fort Worth, 893 S.W.2d 27, 33 (Tex.App--Fort
Worth 1994, writ dism’d by agr.). The Act does not waive sovereign immunity for roadway design,
which is a discretionary act. Texas Dep’t of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex.
2002)(finding that the design of highway and lack of barrier in median between north and
southbound lanes reflected discretionary decisions for which TxDOT retained immunity); see State
v. Miguel, 2 S.W.3d 249, 251 (Tex. 1999)( holding that decisions about highway design and about
what type of safety features to install are discretionary policy decisions that are protected by
sovereign immunity). 
            Whether a condition on state property is a premises defect or a special defect is a question
of law. Tex.Civ.Prac.&Rem.Code Ann. § 101.021. As to premises and special defects: 
(a) If a claim arises from a premise defect, the governmental unit owes to the
claimant only the duty that a private person owes to a licensee on private property,
unless the claimant pays for the use of the premises.
 
(b) The limitation of duty in this section does not apply to the duty to warn of special
defects such as excavations or obstructions on highways, roads, or streets or to the
duty to warn of the absence, condition, or malfunction of traffic signs, signals, or
warning devices as is required by Section 101.060. 

Tex.Civ.Prac.&Rem.Code Ann. § 101.022. To establish governmental liability for premises
defects, a plaintiff must plead and prove that: (1) the condition is unreasonably dangerous; (2) the
government had knowledge of the defect and did not repair or warn of the defect after a reasonable
amount of time; (3) the injured party did not have prior knowledge of the defect; and (4) the defect
was the proximate cause of the injured party’s harm. See State Dep’t of Highways & Public Transp.
v. Payne, 838 S.W.2d 235, 237 (Tex. 1992). We look to the plaintiffs’ petition to determine if it
sufficiently pleads facts which, if taken as true, will support jurisdiction. Texas Ass’n of Bus. v.
Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 
Appellees’ Arguments
            The pleadings alleged that TxDOT negligently maintained the 1700 block of West Paisano
and that the Department had a duty by virtue of the Manual of Uniform Traffic Control Devices to
place jersey barricades in the median. They further contended that since TxDOT had notice of the
roadway’s dangerous nature, it had breached its duty by failing to place median barricades. In their
response to the plea to the jurisdiction, Appellees argued that where an act is clearly mandated by
law, the discretionary exemption does not apply. These arguments were premised on the fact that
TxDOT has a duty to properly maintain state highways and Appellees’ belief that the Manual of
Uniform Traffic Control Devices imposes a duty to properly implement and maintain barricades. 
They also contended that Section 101.022 of the Texas Civil Practice & Remedies Code placed a
duty on TxDOT to repair dangerous conditions posing an unreasonable risk to the traveling public
and that immunity was waived where maintenance was necessary to keep the roads free of
unreasonably dangerous conditions. Finally, Appellees claimed that the lack of a median barricade
was a premises defect under Section 101.022.
Negligent Maintenance
            We agree with Appellees that TxDOT has a duty to properly maintain state highways. See
Tex.Transp.Code Ann. § 224.031, 224.032 (Vernon 1999). We also agree that maintenance is
clearly distinguishable from design in that maintenance refers to the preservation of existing
conditions. Stated differently, maintenance is the continuing implementation of a previous policy
decision. See City of Fort Worth v. Gay, 977 S.W.2d 814, 817 (Tex.App.--Fort Worth 1998, no
pet.); Brown v. Texas Dep’t of Transportation, 80 S.W.3d 594, 598 (Tex.App.--Corpus Christi
2000), aff’d by County of Cameron v. Brown, 80 S.W.3d 549 (Tex. 2002). Maintenance is the
preservation of existing infrastructure. See Garza v. State, 878 S.W.2d 671, 675 (Tex.App.--Corpus
Christi 1994, no writ)(finding that maintenance involves the preservation of existing conditions); see
also Siders v. State, 970 S.W.2d 189, 193 (Tex.App.--Dallas 1998, pet. denied)(finding a duty to
maintain highway as designed).
            Appellees cite Brown in support of their claim that the failure to install barricades along the
1700 block of Paisano was a premises defect. See Brown, 80 S.W.3d at 594. Brown involved
lighting along the Queen Isabella Causeway. Id. At the time of the accident, forty-five of the one-hundred lights on the causeway were not functioning. Id. The court noted that the absence of
lighting resulted from non-functioning lights on the existing roadway lamps. Id. at 598. This was
not the result of faulty design but of a failure to maintain the existing lights. Id.
            Reliance upon Brown for negligent maintenance is misplaced because this case does not
involve failure to maintain an existing barrier. Appellees merely contend that TxDOT should have
installed a barrier. If a barrier did not exist, it could not be maintained. Therefore, the case at bar
involves a discretionary design decision and thus does not fall under the Act. See Tex.Civ.Prac.&
Rem.Code Ann. § 101.056; Stanford, 635 S.W.2d at 582; Miller, 893 S.W.2d at 33.
Premises Defect
            Alternatively, Appellees alleged that the failure to install a barricade was a premises defect. 
In Brown, after the court determined that there was a failure to maintain the lights, it examined
whether the failure to maintain constituted a premises defect. Id. “Premises” includes the structure,
parts, and appurtenances. Billstrom v. Memorial Med. Ctr., 598 S.W.2d 642, 646 (Tex.App.--Corpus
Christi 1980, no writ). “Defect” means an imperfection, shortcoming or want of something
necessary for completion. See id. at 646. Appellees asserted in their petition that the premises defect
on the highway created an unreasonably dangerous condition of which TxDOT was aware, that the
condition proximately caused the death of Martinez and her passengers, and that the deaths resulted
from the Department’s gross negligence. 
            The lack of safety features, such as barriers or guardrails, reflect discretionary decisions for
which TxDOT retains immunity under the Act’s discretionary function exception. See
Tex.Civ.Prac.&Rem.Code Ann. § 101.056; Ramirez, 74 S.W.3d at 864; Miguel, 2 S.W.3d at 251;
State v. Rodriguez, 985 S.W.2d 83, 85 (Tex. 1999); Maxwell v. Texas Dep’t of Transp., 880 S.W.2d
461, 463-64 (Tex.App.--Austin 1994, writ denied). Appellees do not have a cognizable premises
defect claim under the Act since the act was discretionary. Consequently, their petition does not
state a cause of action falling within the Act.
Conclusion
            We conclude that the trial court improperly denied the plea to the jurisdiction based on
sovereign immunity. Appellees failed to properly plead jurisdictional facts which conferred proper
subject matter jurisdiction as the acts complained of were discretionary and did not fall within the
Act. Generally, litigants are permitted to amend to cure pleading defects when the pleadings do not
allege sufficient jurisdictional facts. See Texas Ass’n of Bus., 852 S.W.2d at 446; City of Midland
v. Sullivan, 33 S.W.3d 1, 7 (Tex.App.--El Paso 2000, pet. denied). Here, there is no pleading defect;
the pleadings and the evidence affirmatively show that all complaints concern discretionary decisions
for which the State retains immunity from suit under Section 101.056 of the Act. See
Tex.Civ.Prac.&Rem.Code Ann. § 101.056(2); Miguel, 2 S.W.3d at 251; Rodriguez, 985 S.W.2d
at 85; Maxwell, 880 S.W.2d at 463-64. Because it is impossible for Appellees to amend their
pleadings to invoke jurisdiction, their suit must be dismissed. See Sullivan, 33 S.W.3d at 7. We
sustain Points of Error One and Two. Because of our disposition, it is unnecessary for us to address
Point of Error Three. The judgment of the trial court is reversed and rendered.

December 16, 2004                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 4
Barajas, C.J., Larsen, and McClure, JJ.