COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



MARGARITA MORALES,
INDIVIDUALLY AND AS NEXT
FRIEND OF PAULETTE MORALES
AND LAURA MORALES, MINOR
CHILDREN OF GUADALUPE D.
MORALES, DECEASED,

                           Appellant,

v.

LIBERTY MUTUAL INSURANCE
COMPANY AND CONTINENTAL
CASUALTY COMPANY, 
 
                         Appellees.

§

§

§

§

§

§

§

§


No. 08-04-00135-CV

Appeal from the

County Court at Law No. 7

of El Paso County, Texas

(TC# 2003-4499)



 
O P I N I O N

           This is an appeal from the trial court’s decision granting a plea to the jurisdiction filed
by Appellees contending that the El Paso courts lacked jurisdiction for review of Appellant’s
claims filed under the Texas Workers’ Compensation Act.


 For the reasons stated herein, we
affirm the trial court’s order.
 

I. FACTUAL AND PROCEDURAL BACKGROUND
           Margarita Morales, individually and on behalf of her minor children, filed suit seeking
judicial review of the decision of the Texas Workers’ Compensation Commission Appeals
Panel which made adverse findings regarding her claim for benefits as the result of the death
of Guadalupe Morales.
           Guadalupe Morales sustained injuries that resulted in his death on April 20, 1995,
which, Appellant contended, occurred during the course and scope of his employment with
Turnkey Services Inc., State National Bank, and PGD Inc. The Appellees in this matter are
the workers’ compensation insurance providers for two of the claimed employers. Margarita
Morales filed a notice of fatal injury and claim for benefits on February 10, 1997. Appellant
contended that the notice was timely filed pursuant to Texas Labor Code Section 409.008
because the employers failed to report the injury and death until after that date. On
September 15, 2003, the Texas Workers’ Compensation Commission Appeal Panel provided
notice of its decision in Appellant’s claim, appeal number 031950, as filed with the Director
of the Division of Hearings on September 8, 2003. That decision did not award death
benefits to Appellant and specifically determined that Appellant’s decedent was not an
employee injured in the course and scope of his employment entitled to coverage.
           Appellant filed her original and first amended original petition complaining of the
appeals panel decision. In her petition, she challenges the finding of the appeals panel
regarding the status of Guadalupe Morales and asserts that “[w]hether or not Mr. Morales
was an employee or an independent contractor and by whom he was employed by are fact
issues triable by a jury. They are issues of compensability.”
           Appellees filed a plea to the jurisdiction challenging the jurisdiction of the El Paso
trial court. After consideration of the issue, the trial court entered an order of dismissal for
want of jurisdiction. For the reason stated below, we agree with the trial court’s
determination.
II. ISSUES ON APPEAL
           Appellant presents five issues on appeal which challenge the trial court’s
determination that the question in controversy is a coverage issue related to the status of
Guadalupe Morales at the time of his death. Appellant contends that the issue of the
decedent’s employment is a question of compensability not coverage. Appellees contend if
the issue being appealed is an issue of coverage, then the appropriate forum is the district
court in Travis County, Texas.
III. PLEA TO THE JURISDICTION
A. Standard of Review
           A plea to the jurisdiction is a dilatory plea by which a party contests the trial court’s
authority to determine the subject matter of the cause of action. City of Midland v. Sullivan, 
33 S.W.3d 1, 6 (Tex. App.--El Paso 2000, pet. dism’d w.o.j.); City of Saginaw v. Carter, 996
S.W.2d 1, 2 (Tex. App.--Fort Worth 1999, pet. dism’d w.o.j.); State v. Benavides, 772
S.W.2d 271, 273 (Tex. App.--Corpus Christi 1989, writ denied). The plaintiff has the burden
to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction. 
Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); City of
Midland, 33 S.W.3d at 6; City of Saginaw, 996 S.W.2d at 2. The question of subject-matter
jurisdiction is a legal question which we review de novo. City of Midland, 33 S.W.3d at 6;
City of Saginaw, 996 S.W.2d at 2; Texas Dept. of Health v. Doe, 994 S.W.2d 890, 892 (Tex.
App.--Austin 1999, pet. dism’d by agr.); see Mayhew v. Town of Sunnyvale, 964 S.W.2d 922,
928 (Tex. 1998), cert. denied, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999)
(ripeness, as an element of subject-matter jurisdiction, is a legal question subject to de novo
review). In reviewing the trial court’s denial of a plea to the jurisdiction, we look solely to
the allegations in the petition and accept them as true. City of Midland, 33 S.W.3d at 6-7; 
see City of Saginaw, 996 S.W.2d at 2-3; Firemen’s Ins. Co. of Newark, N.J. v. Board of
Regents of Univ. of Tex. Sys., 909 S.W.2d 540, 541 (Tex. App.--Austin 1995, writ denied). 
We do not examine the merits of the case. City of Midland, 33 S.W.3d at 7; see City of
Saginaw, 996 S.W.2d at 3. If the petition does not allege jurisdictional facts, the plaintiff’s
suit is subject to dismissal only when it is impossible to amend the pleadings to confer
jurisdiction. City of Midland, 33 S.W.3d at 7; City of Saginaw, 996 S.W.2d at 3; see Texas
Ass’n of Bus., 852 S.W.2d at 446; Liberty Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 739 (Tex.
App.--Austin 1994, writ denied).
           In 1989, the Legislature completely revised the Texas workers’ compensation system.
Rodriguez v. Service Lloyds Ins. Co., 997 S.W.2d 248, 252 (Tex. 1999); see Texas Workers’
Compensation Com’n v. Garcia, 893 S.W.2d 504, 510 (Tex. 1995). It restructured the
administrative process as well as judicial review of commission decisions under that process. 
See Tex. Lab. Code Ann. §§ 401.001-506.001 (Vernon 1996 & Supp. 2004-05) (the Texas
Workers’ Compensation Act). Under the former system, courts reviewed final commission
decisions under a single de novo standard. Rodriguez, 997 S.W.2d at 252; see Garcia, 893
S.W.2d at 512. The 1989 legislation replaced that standard for judicial review with two
different standards, substantial evidence and modified de novo. See Tex. Lab. Code Ann.
§§ 410.255, 410.301; Rodriguez, 997 S.W.2d at 252-53; Garcia, 893 S.W.2d at 515. Under
the current Act, the nature of the dispute determines the judicial remedy that applies.
           If the dispute involves compensability or eligibility for or the amount of income or
death benefits, a district court reviews the commission appeals panel decision under a
modified de novo standard. See Tex. Lab. Code Ann. § 410.301; Rodriguez, 997 S.W.2d
at 253; see also Garcia, 893 S.W.2d at 515. The employee’s county of residence usually
determines which district court hears the appeal. See Tex. Lab. Code Ann. § 410.252; 
Rodriguez, 997 S.W.2d at 253. If the dispute concerns something other than compensability
or eligibility for or the amount of income or death benefits, a party must appeal the final
decision, if it is appealable at all, to the district court in Travis County under the
Administrative Procedure Act for a substantial evidence review. See Tex. Lab. Code Ann.
§ 410.255; see also Tex. Gov’t Code Ann. §§ 2001.171-.178 (Vernon 2000) (the
Administrative Procedure Act); Rodriguez, 997 S.W.2d at 253.
B. Proceedings Below
           Appellant’s first amended original petition complains of the decision of the appeals
panel and attaches a copy of its decision and incorporates it by reference. It is clear that upon
review of the decision, that the basis for the appeals panel’s affirmance of the hearing
officer’s findings is that it agreed that the decedent was not an employee of any of the
companies and, therefore, the claimant beneficiary was not entitled to benefits. The appeals
panel emphasized “[t]he status of being an employee of an insured for which a carrier is
liable is an issue of ‘coverage,’ not compensability (citations omitted). ‘Coverage’ is a
threshold requirement for establishing liability of a carrier.” We agree that the issue decided
by the appeals panel was an issue of coverage and, therefore, the issue appealed by Appellant
is an issue of coverage. Jurisdiction is proper in Travis County. The trial court was correct
in granting the plea to the jurisdiction. We therefore overrule all Appellant’s issues on
appeal and affirm the trial court’s dismissal of the case.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.

                                                                  RICHARD BARAJAS, Chief Justice
July 28, 2005

Before Barajas, C.J., McClure, and Chew, JJ.