Margarita MORALES, Individually and as Next Friend of Paulette Morales and Laura Morales, Minor Children of Guadalupe D. Morales, Deceased, Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY and Continental Casualty Company, Appellees.

No. 08–04–00135–CV.

Court of Appeals of Texas, El Paso.

July 28, 2005.

John E. Keithly, Anthony, NM, for Appellant.

David L. Brenner, Burns Anderson Jury & Brenner, LLP, David Boyce, Wright & Greenhill, P.C., Austin, for Appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the trial court's decision granting a plea to the jurisdiction filed by Appellees contending that the El Paso courts lacked jurisdiction for review of Appellant's claims filed under the Texas Workers' Compensation Act. For the reasons stated herein, we affirm the trial court's order.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Margarita Morales, individually and on behalf of her minor children, filed suit seeking judicial review of the decision of the Texas Workers' Compensation Commission Appeals Panel which made adverse findings regarding her claim for benefits as the result of the death of Guadalupe Morales.

Guadalupe Morales sustained injuries that resulted in his death on April 20, 1995, which, Appellant contended, occurred during the course and scope of his employment with Turnkey Services Inc., State National Bank, and PGD Inc. The Appellees in this matter are the workers' compensation insurance providers for two of the claimed employers. Margarita Morales filed a notice of fatal injury and claim for benefits on February 10, 1997. Appellant contended that the notice was timely filed pursuant to Texas Labor Code Section 409.008 because the employers failed to report the injury and death until after that date. On September 15, 2003, the Texas Workers' Compensation Commission Appeal Panel provided notice of its decision in Appellant's claim, appeal number 031950, as filed with the Director of the Division of Hearings on September 8, 2003. That decision did not award death benefits to Appellant and specifically determined that Appellant's decedent was not an employee injured in the course and scope of his employment entitled to coverage.

Appellant filed her original and first amended original petition complaining of the appeals panel decision. In her petition, she challenges the finding of the ap-

peals panel regarding the status of Guadalupe Morales and asserts that "[w]hether or not Mr. Morales was an employee or an independent contractor and by whom he was employed by are fact issues triable by a jury. They are issues of compensability."

Appellees filed a plea to the jurisdiction challenging the jurisdiction of the El Paso trial court. After consideration of the issue, the trial court entered an order of dismissal for want of jurisdiction. For the reason stated below, we agree with the trial court's determination.

## II. *ISSUES ON APPEAL*

Appellant presents five issues on appeal which challenge the trial court's determination that the question in controversy is a coverage issue related to the status of Guadalupe Morales at the time of his death. Appellant contends that the issue of the decedent's employment is a question of compensability not coverage. Appellees contend if the issue being appealed is an issue of coverage, then the appropriate forum is the district court in Travis County, Texas.

## III. *PLEA TO THE JURISDICTION*

### A. Standard of Review

■ A plea to the jurisdiction is a dilatory plea by which a party contests the trial court's authority to determine the subject matter of the cause of action. *City of Midland v. Sullivan,* 33 S.W.3d 1, 6 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.); *City of Saginaw v. Carter,* 996 S.W.2d 1, 2 (Tex.App.-Fort Worth 1999, pet. dism'd w.o.j.); *State v. Benavides,* 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1989, writ denied). The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993); *City of Midland,* 33 S.W.3d at 6; *City of Saginaw,* 996 S.W.2d at 2. The question of subject-matter jurisdiction is a legal question which we review de novo. *City of Midland,* 33 S.W.3d at 6; *City of Saginaw,* 996 S.W.2d at 2; *Texas Dept. of Health v. Doe,* 994 S.W.2d 890, 892 (Tex. App.-Austin 1999, pet. dism'd by agr.); *see Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999) (ripeness, as an element of subject-matter jurisdiction, is a legal question subject to de novo review). In reviewing the trial court's denial of a plea to the jurisdiction, we look solely to the allegations in the petition and accept them as true. *City of Midland,* 33 S.W.3d at 6–7; *see City of Saginaw,* 996 S.W.2d at 2–3; *Firemen's Ins. Co. of Newark, N.J. v. Board of Regents of Univ. of Tex. Sys.,* 909 S.W.2d 540, 541 (Tex.App.-Austin 1995, writ denied). We do not examine the merits of the case. *City of Midland,* 33 S.W.3d at 7; *see City of Saginaw,* 996 S.W.2d at 3. If the petition does not allege jurisdictional facts, the plaintiff's suit is subject to dismissal only when it is impossible to amend the pleadings to confer jurisdiction. *City of Midland,* 33 S.W.3d at 7; *City of Saginaw,* 996 S.W.2d at 3; *see Texas Ass'n of Bus.,* 852 S.W.2d at 446; *Liberty Mut. Ins. Co. v. Sharp,* 874 S.W.2d 736, 739 (Tex.App.-Austin 1994, writ denied).

In 1989, the Legislature completely revised the Texas workers' compensation system. *Rodriguez v. Service Lloyds Ins. Co.,* 997 S.W.2d 248, 252 (Tex.1999); *see Texas Workers' Compensation Com'n v. Garcia,* 893 S.W.2d 504, 510 (Tex.1995). It restructured the administrative process as well as judicial review of commission decisions under that process. *See* Tex. Lab. Code Ann. §§ 401.001–506.001 (Vernon 1996 & Supp.2004–05) (the Texas Workers'

Compensation Act). Under the former system, courts reviewed final commission decisions under a single de novo standard. *Rodriguez*, 997 S.W.2d at 252; *see Garcia*, 893 S.W.2d at 512. The 1989 legislation replaced that standard for judicial review with two different standards, substantial evidence and modified de novo. *See* Tex. Lab.Code Ann. §§ 410.255, 410.301; *Rodriguez*, 997 S.W.2d at 252–53; *Garcia*, 893 S.W.2d at 515. Under the current Act, the nature of the dispute determines the judicial remedy that applies.

If the dispute involves compensability or eligibility for or the amount of income or death benefits, a district court reviews the commission appeals panel decision under a modified de novo standard. *See* Tex. Lab. Code Ann. § 410.301; *Rodriguez*, 997 S.W.2d at 253; *see also Garcia*, 893 S.W.2d at 515. The employee's county of residence usually determines which district court hears the appeal. *See* Tex. Lab. Code Ann. § 410.252; *Rodriguez*, 997 S.W.2d at 253. If the dispute concerns something other than compensability or eligibility for or the amount of income or death benefits, a party must appeal the final decision, if it is appealable at all, to the district court in Travis County under the Administrative Procedure Act for a substantial evidence review. *See* Tex. Lab.Code Ann. § 410.255; *see also* Tex. Gov't Code Ann. §§ 2001.171–.178 (Vernon 2000) (the Administrative Procedure Act); *Rodriguez*, 997 S.W.2d at 253.

### B. Proceedings Below

■ Appellant's first amended original petition complains of the decision of the appeals panel and attaches a copy of its decision and incorporates it by reference. It is clear that upon review of the decision, that the basis for the appeals panel's affirmance of the hearing officer's findings is that it agreed that the decedent was not an employee of any of the companies and, therefore, the claimant beneficiary was not entitled to benefits. The appeals panel emphasized "[t]he status of being an employee of an insured for which a carrier is liable is an issue of 'coverage,' not compensability (citations omitted). 'Coverage' is a threshold requirement for establishing liability of a carrier." We agree that the issue decided by the appeals panel was an issue of coverage and, therefore, the issue appealed by Appellant is an issue of coverage. Jurisdiction is proper in Travis County. The trial court was correct in granting the plea to the jurisdiction. We therefore overrule all Appellant's issues on appeal and affirm the trial court's dismissal of the case.

Having overruled each of Appellant's issues on review, we affirm the judgment of the trial court.