**TEXAS TECH MEDICAL CENTER, Appellant,**

v.

**Noemi GARCIA, Appellee.**

No. 08–05–00216–CV.

Court of Appeals of Texas, El Paso.

March 2, 2006.

Kamilla L. Stokes, Asst. Atty. Gen., Austin, for Appellant.

Thomas W. Hamrick, Armstrong & Hamrick, El Paso, for Appellee.

Before Panel No. 5 BARAJAS, C.J., McCLURE, and PARKS, JJ. PARKS, J., sitting by assignment.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an interlocutory appeal from the trial court's order denying a plea to the jurisdiction filed by Appellant, Texas Tech Medical Center. In a single issue on appeal, Texas Tech Medical Center alleges the trial court erred in denying its plea to the jurisdiction because Appellee, Noemi Garcia, did not establish a waiver of sovereign immunity under the Texas Tort Claims Act. We affirm the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about December 16, 2002, Appellee fell on a sidewalk while attempting to visit Texas Tech Medical Center. Consequently, Appellee filed suit against Texas Tech Medical Center in which she raised a premises defect claim. Appellee's first amended petition alleged the following:

On or about December 16, 2002, NOEMI GARCIA fell on a sidewalk maintained by Defendant while attempting to visit TEXAS TECH MEDICAL CENTER in El Paso, Texas. At all times relevant herein, Defendant controlled the premises in questions [sic], including the sidewalk and its condition. The Defendant owed Plaintiff the same duty that a private landowner owes a licensee, i.e. the duty of ordinary care to protect the licensee from danger. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.022(b).

At the time in question: (1) a condition of the premises created an unreasonable risk of harm to the Plaintiff; (2) the Defendant actually knew of the condition; (3) the Plaintiff licensee did not actually know of the condition; (4) the Defendant failed to exercise ordinary care to protect the Plaintiff from danger; and (5) the Defendant's failure was a proximate cause of injury to the licensee. Defendant knew that the condition of the sidewalk presented a dangerous

condition for individuals like Plaintiff who utilized them and had an opportunity to remedy the dangerous condition prior to Plaintiff's injury by the exercise of ordinary care such to protect Plaintiff from the danger. Defendant failed to adequately warn Plaintiff of the dangerous condition and failed to make that condition reasonably safe. The damages and injuries described are the direct and proximate result of Defendant's negligence.

In response, Texas Tech Medical Center filed a plea to the jurisdiction and/or no-evidence motion for summary judgment on February 2, 2005. Consequently, Texas Tech Medical Center filed an amended plea to the jurisdiction, no-evidence motion for summary judgment, and traditional motion for summary judgment on May 2, 2005. Texas Tech Medical Center claimed that Appellee's claim failed because she did not allege adequate grounds in her petition to satisfy a waiver of Texas Tech Medical Center's sovereign immunity. It further argued that Appellee "simply delineates the elements of a premises liability cause of action ... against [Texas Tech Medical Center] as required by the Act and the Texas Supreme Court case law construing the Act." Further, Texas Tech Medical Center contends in its plea that Appellee's allegations are simply conclusory statements.

It appears from the record before this Court that the trial court heard Texas Tech Medical Center's plea to the jurisdiction on May 23, 2005. The record does not contain a transcript of that hearing. On June 8, 2005, the trial court signed an order denying Texas Tech Medical Center's plea to the jurisdiction. This appeal follows.

## II. *DISCUSSION*

In a single issue, Texas Tech Medical Center asserts that the trial court erred in denying its plea to the jurisdiction because Appellee did not establish a waiver of sovereign immunity in accordance with the Texas Tort Claims Act.

### Standard of Review

We review a trial court's ruling on a plea to the jurisdiction de novo. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998); *Texana Cmty. MHMR Ctr. v. Silvas,* 62 S.W.3d 317, 320 (Tex.App.-Corpus Christi 2001, no pet.). A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *City of San Augustine v. Parrish,* 10 S.W.3d 734, 737 (Tex.App.-Tyler 1999, pet. dism'd). In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *Texas Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001); *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554–55 (Tex.2000). When a plea to the jurisdiction challenges the existence of jurisdictional facts, implicating the merits of the plaintiff's cause of action, the trial court reviews the relevant evidence to determine if a fact issue exists. *Tex. Dept. of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex.2004). When we consider a trial court's order on a plea to the jurisdiction, we construe the pleadings in the plaintiff's favor and look to the pleader's intent. *See Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993); *Peek v. Equipment Serv. Co. of San Antonio,* 779 S.W.2d 802, 804–05 (Tex.1989). When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *See Peek,* 779 S.W.2d at 804–05; *Texas Dep't of Corrections v. Her-*

*ring*, 513 S.W.2d 6, 9–10 (Tex.1974). On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *See Peek*, 779 S.W.2d at 804–05.

■ The Texas Tort Claims Act contains only a limited waiver of sovereign immunity, including immunity to suit. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.025(a) (Vernon 2005). State entities such as Texas Tech Medical Center are ordinarily immune from suits and liability. *See Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976). The Texas Tort Claims Act creates an exception to the general rule of immunity "only in certain, narrowly defined circumstances." *Texas Department of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex.2001). The Texas Tort Claims Act specifically waives immunity under the following circumstances. Section 101.021, entitled "Governmental Liability," provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 2005). This grant of immunity permits recovery against the State for injuries in three general circumstances, including (1) the use of motor driven vehicles, (2) the condition or use of personal property, and (3) premises defects, or the condition of real property. *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex.2002).

■ Recovery for premises liability based on the condition of real property is further restricted by section 101.022, which in relevant part imposes upon the State the duty that a private landowner owes a licensee:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

Tex. Civ. Prac. & Rem.Code Ann. § 101.022(a) (Vernon 2005). This section provides the only means of establishing premises liability against the State. *See Miranda*, 133 S.W.3d at 233.

■ A private landowner's duty to a licensee requires that a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and the owner must use ordinary care either to warn a licensee of a condition that presents an unreasonable risk of harm of which the possessor is actually aware and the licensee is not, or to make the condition reasonably safe. *State Dep't of Highways & Public Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992). Accordingly, the State may be liable for a dangerous or defective condition on its premises if it either (1) injured a person by willful, wanton or grossly negligent conduct, or (2) if the State had actual knowledge of the dangerous condition, the injured person had no such knowledge, and the State failed to warn the person of the condition or make the condition safe. *Id.*

■ Here, Appellee did not plead that Texas Tech Medical Center was grossly

negligent or that it injured her by willful or wanton conduct. Rather, Appellee pleaded that Texas Tech Medical Center had knowledge of the dangerous condition, the condition of the sidewalk, and it failed to warn her of the condition or make the condition reasonably safe. In this case, Appellee has alleged sufficient facts, that if true, waive Texas Tech Medical Center's immunity from Appellee's premises defect claim under the Texas Tort Claims Act.

Texas Tech Medical Center further argues that Appellee's evidence is not probative and is insufficient to establish a valid waiver of sovereign immunity. Appellee contends that she offered ample evidence in her response to Texas Tech's plea as well as in her response to Texas Tech's motion for summary judgment.

Ordinarily, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Miranda,* 133 S.W.3d at 227. However, in this case, after reviewing Texas Tech Medical Center's plea to the jurisdiction and its brief supporting this argument, we find that the plea is based solely on Appellee's pleadings and does not challenge the existence of jurisdictional facts. It is unnecessary in this case to consider the evidence in order to resolve the jurisdictional issue raised by Texas Tech Medical Center. Although in its brief, Texas Tech Medical

Center is requesting that we review the evidence attached to the plea to the jurisdiction and no-evidence motion for summary judgment and traditional motion for summary judgment, we find that based on the plea to the jurisdiction, we do not need to inquire into the jurisdictional evidence and further that doing so would be a review of the merits of the suit.[1] As we stated above, the record before this Court does not contain a transcript from the hearing on the plea to the jurisdiction. We are unable to determine whether the trial court considered any jurisdictional evidence and based on a reading of the plea to the jurisdiction, we believe Texas Tech Medical Center does not raise such an issue. In reviewing a plea to the jurisdiction, we do not examine the merits of the case. *See Morales v. Liberty Mutual Ins. Co.,* 169 S.W.3d 485, 487 (Tex.App.-El Paso 2005, pet. filed). Since an appeal on a plea to the jurisdiction is not the proper avenue to reach the merits of a case, we do not reach the second part of Texas Tech Medical Center's argument on appeal.

Having reviewed Texas Tech Medical Center's issue on appeal, we find that the trial court did not err in denying its plea to the jurisdiction. Appellant's sole issue is overruled. We affirm the judgment of the trial court.

1. We are cognizant of the Texas Supreme Court's decision in *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex. 2004), in which the Court stated that a court may delve into the merits of a claim when the jurisdictional issue is closely intertwined with the merits of the case and that this procedure generally mirrors that of a summary judgment under Tex.R. Civ. P. 166a(c). *See Miranda,* 133 S.W.3d at 227-28. The issue before this Court on this particular appeal is muddled by the fact that Texas Tech Medical

Center filed its plea to the jurisdiction in conjunction with its no-evidence motion for summary judgment and traditional summary judgment motion. Based on a careful reading of the record, the plea to the jurisdiction does not require the consideration of any evidence. The review that Texas Tech Medical Center is requesting this Court to under take derives from the arguments raised in the no-evidence motion for summary judgment and traditional motion for summary judgment.