COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




TEXAS TECH MEDICAL CENTER,

                            Appellant,

v.


NOEMI GARCIA,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00216-CV

Appeal from the

327th District Court 

of El Paso County, Texas 

(TC# 2003-578) 





O P I N I O N

           This is an interlocutory appeal from the trial court’s order denying a plea to the
jurisdiction filed by Appellant, Texas Tech Medical Center. In a single issue on appeal,
Texas Tech Medical Center alleges the trial court erred in denying its plea to the jurisdiction
because Appellee, Noemi Garcia, did not establish a wavier of sovereign immunity under the
Texas Tort Claims Act. We affirm the judgment of the trial court.
I. FACTUAL AND PROCEDURAL BACKGROUND
           On or about December 16, 2002, Appellee fell on a sidewalk while attempting to visit
Texas Tech Medical Center. Consequently, Appellee filed suit against Texas Tech Medical
Center in which she raised a premises defect claim. Appellee’s first amended petition alleged
the following:
On or about December 16, 2002, NOEMI GARCIA fell on a sidewalk
maintained by Defendant while attempting to visit TEXAS TECH MEDICAL
CENTER in El Paso, Texas. At all times relevant herein, Defendant controlled
the premises in questions [sic], including the sidewalk and its condition. The
Defendant owed Plaintiff the same duty that a private landowner owes a
licensee, i.e. the duty of ordinary care to protect the licensee from danger. See
Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b).
 
At the time in question: (1) a condition of the premises created an
unreasonable risk of harm to the Plaintiff; (2) the Defendant actually knew of
the condition; (3) the Plaintiff licensee did not actually know of the condition;
(4) the Defendant failed to exercise ordinary care to protect the Plaintiff from
danger; and (5) the Defendant’s failure was a proximate cause of injury to the
licensee. Defendant knew that the condition of the sidewalk presented a
dangerous condition for individuals like Plaintiff who utilized them and had
an opportunity to remedy the dangerous condition prior to Plaintiff’s injury by
the exercise of ordinary care such to protect Plaintiff from the danger. 
Defendant failed to adequately warn Plaintiff of the dangerous condition and
failed to make that condition reasonably safe. The damages and injuries
described are the direct and proximate result of Defendant’s negligence.

In response, Texas Tech Medical Center filed a plea to the jurisdiction and/or no-evidence
motion for summary judgment on February 2, 2005. Consequently, Texas Tech Medical
Center filed an amended plea to the jurisdiction, no-evidence motion for summary judgment,
and traditional motion for summary judgment on May 2, 2005. Texas Tech Medical Center
claimed that Appellee’s claim failed because she did not allege adequate grounds in her
petition to satisfy a wavier of Texas Tech Medical Center’s sovereign immunity. It further
argued that Appellee “simply delineates the elements of a premises liability cause of action
. . . against [Texas Tech Medical Center] as required by the Act and the Texas Supreme
Court case law construing the Act.” Further, Texas Tech Medical Center contends in its plea
that Appellee’s allegations are simply conclusory statements.
           It appears from the record before this Court that the trial court heard Texas Tech
Medical Center’s plea to the jurisdiction on May 23, 2005. The record does not contain a
transcript of that hearing. On June 8, 2005, the trial court signed an order denying Texas
Tech Medical Center’s plea to the jurisdiction. This appeal follows.
II. DISCUSSION
           In a single issue, Texas Tech Medical Center asserts that the trial court erred in
denying its plea to the jurisdiction because Appellee did not establish a waiver of sovereign
immunity in accordance with the Texas Tort Claims Act.
Standard of Review
           We review a trial court’s ruling on a plea to the jurisdiction de novo. Mayhew v. Town
of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); Texana Cmty. MHMR Ctr. v. Silvas, 62
S.W.3d 317, 320 (Tex. App.--Corpus Christi 2001, no pet.). A plea to the jurisdiction
challenges the trial court’s authority to determine the subject matter of the action. City of San
Augustine v. Parrish, 10 S.W.3d 734, 737 (Tex. App.--Tyler 1999, pet. dism’d). In deciding
a plea to the jurisdiction, a court may not weigh the claims’ merits but consider only the
plaintiff’s pleadings and the evidence pertinent to the jurisdictional inquiry. Texas Natural
Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554-55 (Tex. 2000). When a plea to the jurisdiction challenges
the existence of jurisdictional facts, implicating the merits of the plaintiff’s cause of action,
the trial court reviews the relevant evidence to determine if a fact issue exists. Tex. Dept. of
Parks and Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex. 2004). When we consider a trial
court’s order on a plea to the jurisdiction, we construe the pleadings in the plaintiff’s favor
and look to the pleader’s intent. See Texas Ass’n of Bus. v. Texas Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993); Peek v. Equipment Serv. Co. of San Antonio, 779 S.W.2d 802,
804-05 (Tex. 1989). When a plaintiff fails to plead facts that establish jurisdiction, but the
petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one
of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. See
Peek, 779 S.W.2d at 804-05; Texas Dep’t of Corrections v. Herring, 513 S.W.2d 6, 9-10
(Tex. 1974). On the other hand, if the pleadings affirmatively negate the existence of
jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an
opportunity to amend. See Peek, 779 S.W.2d at 804-05. 
           The Texas Tort Claims Act contains only a limited waiver of sovereign immunity,
including immunity to suit. See Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a) (Vernon
2005). State entities such as Texas Tech Medical Center are ordinarily immune from suits
and liability. See Lowe v. Texas Tech University, 540 S.W.2d 297 (Tex. 1976). The Texas
Tort Claims Act creates an exception to the general rule of immunity “only in certain,
narrowly defined circumstances.” Texas Department of Criminal Justice v. Miller, 51
S.W.3d 583, 587 (Tex. 2001). The Texas Tort Claims Act specifically waives immunity
under the following circumstances. Section 101.021, entitled “Governmental Liability,”
provides:
A governmental unit in the state is liable for:
 
(1) property damage, personal injury, and death proximately caused by the
wrongful act or omission or the negligence of an employee acting within his
scope of employment if:
 
(A) the property damage, personal injury, or death arises from the
operation or use of a motor-driven vehicle or motor-driven equipment; and
 
(B) the employee would be personally liable to the claimant according
to Texas law; and
 
(2) personal injury and death so caused by a condition or use of tangible
personal or real property if the governmental unit would, were it a private
person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005). This grant of immunity
permits recovery against the State for injuries in three general circumstances, including (1)
the use of motor driven vehicles, (2) the condition or use of personal property, and (3)
premises defects, or the condition of real property. County of Cameron v. Brown, 80 S.W.3d
549, 554 (Tex. 2002).
           Recovery for premises liability based on the condition of real property is further
restricted by section 101.022, which in relevant part imposes upon the State the duty that a
private landowner owes a licensee:
(a) If a claim arises from a premise defect, the governmental unit owes to the
claimant only the duty that a private person owes to a licensee on private
property, unless the claimant pays for the use of the premises. 

Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a) (Vernon 2005). This section provides the
only means of establishing premises liability against the State. See Miranda, 133 S.W.3d at
233.
           A private landowner’s duty to a licensee requires that a landowner not injure a
licensee by willful, wanton or grossly negligent conduct, and the owner must use ordinary
care either to warn a licensee of a condition that presents an unreasonable risk of harm of
which the possessor is actually aware and the licensee is not, or to make the condition
reasonably safe. State Dep’t of Highways & Public Transp v. Payne, 838 S.W.2d 235, 237
(Tex. 1992). Accordingly, the State may be liable for a dangerous or defective condition on
its premises if it either (1) injured a person by willful, wanton or grossly negligent conduct,
or (2) if the State had actual knowledge of the dangerous condition, the injured person had
no such knowledge, and the State failed to warn the person of the condition or make the
condition safe. Id.
           Here, Appellee did not plead that Texas Tech Medical Center was grossly negligent
or that it injured her by willful or wanton conduct. Rather, Appellee pleaded that Texas Tech
Medical Center had knowledge of the dangerous condition, the condition of the sidewalk,
and it failed to warn her of the condition or make the condition reasonably safe. In this case,
Appellee has alleged sufficient facts, that if true, waive Texas Tech Medical Center’s
immunity from Appellee’s premises defect claim under the Texas Tort Claims Act.
           Texas Tech Medical Center further argues that Appellee’s evidence is not probative
and is insufficient to establish a valid waiver of sovereign immunity. Appellee contends that
she offered ample evidence in her response to Texas Tech’s plea as well as in her response
to Texas Tech’s motion for summary judgment.
           Ordinarily, if a plea to the jurisdiction challenges the existence of jurisdictional facts,
we consider relevant evidence submitted by the parties when necessary to resolve the
jurisdictional issues raised. Miranda, 133 S.W.3d at 227. However, in this case, after
reviewing Texas Tech Medical Center’s plea to the jurisdiction and its brief supporting this
argument, we find that the plea is based solely on Appellee’s pleadings and does not
challenge the existence of jurisdictional facts. It is unnecessary in this case to consider the
evidence in order to resolve the jurisdictional issue raised by Texas Tech Medical Center. 
Although in its brief, Texas Tech Medical Center is requesting that we review the evidence
attached to the plea to the jurisdiction and no-evidence motion for summary judgment and
traditional motion for summary judgment, we find that based on the plea to the jurisdiction,
we do not need to inquire into the jurisdictional evidence and further that doing so would be
a review of the merits of the suit.


 As we stated above, the record before this Court does not
contain a transcript from the hearing on the plea to the jurisdiction. We are unable to
determine whether the trial court considered any jurisdictional evidence and based on a
reading of the plea to the jurisdiction, we believe Texas Tech Medical Center does not raise
such an issue. In reviewing a plea to the jurisdiction, we do not examine the merits of the
case. See Morales v. Liberty Mutual Ins. Co., 169 S.W.3d 485, 487 (Tex. App.--El Paso
2005, pet. filed). Since an appeal on a plea to the jurisdiction is not the proper avenue to
reach the merits of a case, we do not reach the second part of Texas Tech Medical Center’s
argument on appeal.
           Having reviewed Texas Tech Medical Center’s issue on appeal, we find that the trial
court did not err in denying its plea to the jurisdiction. Appellant’s sole issue is overruled.
We affirm the judgment of the trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice
March 2, 2006

Before Panel No. 5
Barajas, C.J., McClure, and Parks, JJ.
Parks, J., sitting by assignment