NO. 07-05-0268-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 11, 2006


______________________________



STATE OFFICE OF RISK MANAGEMENT, 


 

 Appellant


v.



RACHEL LEIGH HERRERA, VICTORIA DANIELLE HERRERA, MATTHEW RYEN
HERRERA, KELCEY MERCEDES DENA HERRERA, CARE'N DESTINY HERRERA,
ROBERT R. HERRERA, ELVA H. HERRERA, MANUEL A. HERRERA,
BENEFICIARIES of JOSE ARTURO HERRERA, DECEASED, and TEXAS MUNICIPAL
LEAGUE INTERGOVERNMENTAL RISK POOL and/or CITY OF FRIONA, 


 Appellees

_________________________________



FROM THE 297TH DISTRICT COURT OF PARMER COUNTY;



NO. 9122; HON. GORDON HOUSTON GREEN, PRESIDING


_______________________________



Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 The State Office of Risk Management (SORM) appeals from an order dismissing
its attempt to gain judicial review of a ruling by a Texas Worker's Compensation
Commission appeals panel. The trial court dismissed the matter for want of jurisdiction. 
Allegedly, SORM did not timely file its petition with the trial court. SORM disagreed. We
reverse the order of dismissal.

Background


 The dispute arises from the death of Jose Herrera, an officer with the Friona, Texas
Police Department. At the time, he was responding to a call for assistance from the
Parmer County Sheriff's office. Herrera heard the call while completing paper work at the
Friona police station after his shift ended, and in responding, his vehicle collided with that
of the fleeing suspect outside the Friona city limits. SORM acknowledged that Herrera's
"legal beneficiaries [were] entitled to receive worker's compensation death benefits" but
disputed its responsibility for their payment. Allegedly, the officer was not acting within the
course and scope of his employment with the State when he and the suspect collided, but
rather within the scope of his employment with the City of Friona. 

 The hearing officer assigned by the Worker's Compensation Commission to resolve
the matter found that Herrera indeed was acting in the service of the State. Disagreeing,
SORM sought relief from an appeal's panel. After the latter ultimately sided with the
hearings officer, SORM then petitioned the trial court for relief. It did so 42 days after the
decision of the panel became appealable. This was too late, according to Herrera's family
members, the City of Friona, and the Texas Municipal League Intergovernmental Risk
Pool. They believed that the agency was required to petition within 30 days and filed a
plea to the jurisdiction of the trial court asserting that contention. The trial court sided with
Herrera, the City and the Risk Pool and dismissed the cause.



Discussion


 The issue before us is whether SORM had merely 30 days to seek redress from the
trial court. The answer to that, according to all involved, depends upon whether the
allegations the agency sought to adjudicate encompass matters of compensability or
coverage. If they fall within the latter, then the 30-day period supposedly applies; if the
former, then SORM had 40 days to act.

 Statute provides two periods within which one must seek judicial review of a
decision rendered by the Workers' Compensation Commission. The first is found at
§410.252 of the Labor Code and states that a "party may seek judicial review by filing suit
not later than the 40th day after the date on which the decision of the appeals panel was
filed with the division." Tex. Lab. Code Ann. §410.252(a) (Vernon 2006). On the other
hand, if the dispute encompasses matters other than that described in §410.301(a) of the
Labor Code, then the parties must abide by the requirements of "Subchapter G, Chapter
2001, Government Code." Tex. Lab. Code Ann. §410.255(a) (Vernon 2006). And, that
subchapter allots only 30 days to perfect judicial review. Tex. Gov't Code Ann.
§2001.176(a) (Vernon 2000). 

 Next, matters alluded to in §410.255(a) and within the scope of §410.301(a) are
those disputes "regarding compensability or eligibility for or the amount of income or death
benefits . . . ." Tex. Lab. Code Ann. §410.301(a) (Vernon 2006) (stating that "judicial review
of a final decision of the appeals panel regarding compensation or eligibility for or the
amount of income or death benefits shall be conducted as provided by this subchapter"). 
So, in considering the directives of §§410.252(a), 410.255(a), and 410.301(a), we cannot
but hold that a party has 40 days to perfect judicial review of controversies implicating
compensability and eligibility for or the amount of income or benefits. In all other cases,
a litigant simply has 30 days. 

 Next, while the Labor Code fails to define the term "compensability," the legislature
nonetheless told us that a "compensable injury" is one "that arises out of and in the course
and scope of employment for which compensation is payable . . . ." Tex. Lab. Code Ann.
§ 401.011(10) (Vernon 2006). From this we see that the meaning of "compensable" and
"compensability" may have several elements, and one requires the injury to occur within
the course and scope of the claimant's employment. See Texas Workers' Comp. Comm'n
v. Garcia, 893 S.W.2d 504, 515 (Tex. 1995) (citing the question of whether an injury
"occurred in the course and scope of employment" as an example of an issue implicating
"compensability"); Texas Property & Cas. Ass'n v. National Am. Ins. Co., No. 03-05-00401-CV, 2006 Tex. App. LEXIS 2605 (Tex. App.-Austin March 31, 2006, no pet. h.) (concluding
that whether an employee was within the course and scope of his employment with several
employers is an issue of compensability). In other words, if the litigants are disputing
whether the injury occurred within that scope, the controversy is one involving
compensability. (1) Texas Property & Cas. Ass'n. National Am. Ins. Co., 2006 Tex. App.
LEXIS 2605 at *35. 

 Next, at the heart of the issue before us lies the topic of who is responsible for
paying the workers' compensation benefits which all agree are due Officer Herrera's kin. 
Furthermore, resolution of that matter depends upon the identity of the governmental body
in whose course and scope of employment he acted when he died. If it was the State's,
then it is responsible for payment. If it was the City's, then the city is liable. And, given that
the crux of the dispute actually requires identification of the employer being served at the
time of death, the issue cannot be but one of compensability. Texas Workers' Comp.
Comm'n v. Garcia, supra; Texas Property & Cas. Ass'n v. National Am. Ins. Co., supra. 
So, the time period set forth in §401.252(a) applied here, and SORM had 40 days within
which to petition for judicial review. Having acted within that period, the trial court had
jurisdiction over the controversy and erred in dismissing it. (2) 

 Accordingly, we sustain SORM's issue, reverse the order of dismissal and remand
the cause for further proceedings. Finally, holding as we do moots the need to address
SORM's contentions regarding the attorney's fees awarded those counsel representing
Herrera's kin. 


 Brian Quinn

 Chief Justice
1. To the extent that the opinion in Morales v. Liberty Mut. Ins. Co., 169 S.W.3d 485 (Tex. App.-El Paso
2005, pet. filed) suggests otherwise, we note that it did not address either the words of the Texas Supreme
Court in Garcia or the statutory definition of "compensable injury." Consequently, we opt not to follow it.
2. We acknowledge that SORM petitioned the trial court for relief 41 days after the appeal panel's
decision. Yet, no one disputes that the 40th day was either a weekend or holiday, and the 41st day was the
first day that was neither. Consequently, acting upon the 41st day was permissible. See Tex. Gov't Code
Ann. §311.014(b) (Vernon 2005) (stating that when the last day of a statutory period within which one must
act is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is none of
those). 



e" Priority="68" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 2 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00327-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
14, 2010

 



 

MIKE JAMES MCCORMICK II, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 181ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 19,734-B; HONORABLE JOHN B. BOARD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Michael James McCormick, II,  appeals from his
conviction, on an open plea to the court, of the offense of possession of a
controlled substance and the resulting sentence of fifteen years confinement in
the Institutional Division of the Texas Department of Criminal Justice.  Appellant's attorney has filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Schulman,
252 S.W.3d 403 (Tex.Crim.App. 2008).  Agreeing with appointed counsel=s conclusion the record fails to show any arguably meritorious
issue that could support the appeal, we affirm the
trial court=s judgment as modified.

In
May 2008, appellant was indicted for the offense of possession of
methamphetamine, in an amount of one gram or more but less than four grams.[1]
The indictment also included an enhancement paragraph setting forth appellants
previous felony conviction.  In September 2009, appellant entered a
guilty plea to the charge as indicted and entered a plea of Atrue@ to the enhancement, without a plea agreement.  On the same day, appellant appeared before
the trial court for a punishment determination. 

The trial court admonished appellant,
determined his plea was entered knowingly, freely, and voluntarily, and
explained the applicable range of punishment. 
Appellant also signed a document entitled Felony Plea Memorandum that
contained a waiver of jury, waiver of confrontation of witnesses and
stipulation of evidence, waiver of indictment, and waiver of two days service
of indictment.  A police officer also
testified to the circumstances surrounding his discovery of a canister
containing methamphetamine on appellants person. The State also introduced
into evidence appellants nine prior convictions.

Appellant testified he had made
efforts to stop using drugs, but relapsed after his grandmother died. Appellant
asked the court to consider a punishment of five years that was the same as a
plea offer the State had offered early in his case.  A long-time acquaintance of appellant
testified appellant was an upstanding, honorable person and he did not appear
to be currently using drugs.  Other
acquaintances characterized appellant favorably and his probation officer gave
testimony favorable to appellant.

Following this testimony and
arguments of counsel, the court assessed punishment against appellant at
confinement for a term of fifteen years. 
Appellant timely filed his notice of appeal.

Thereafter, appellant's appointed
appellate counsel filed a motion to withdraw and a brief in support pursuant to
Anders in which he certifies that he has diligently reviewed the record
and, in his professional opinion, under the controlling authorities and facts
of this case, there is no reversible error or legitimate grounds on which a
non-frivolous appeal arguably can be predicated.  The brief discusses the procedural history of
the case, appellant=s plea of guilty, and the hearing
concerning appellant=s punishment.  Counsel has certified that a copy of the Anders
brief and motion to withdraw have been served on appellant, and that counsel
has advised appellant of his right to review the record and file a pro se
response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.BWaco 1994, pet. ref'd).  By letter, this Court also notified appellant
of his opportunity to submit a response to the Anders brief and motion
to withdraw filed by his counsel. 
Appellant has not filed a response.

In conformity with the standards set
out by the United States Supreme Court, we will not rule on the motion to
withdraw until we have independently examined the record.  Nichols v. State, 954
S.W.2d 83, 86 (Tex.App.BSan Antonio 1997,
no pet.).  If this Court determines the appeal has
merit, we will remand it to the trial court for appointment of new
counsel.  See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).          

Because appellant entered
an open plea of guilty, he waived any non-jurisdictional defects, other than
the voluntariness of his plea, that occurred before
entry of the plea so long as the judgment of guilt was rendered independent of,
and is not supported by, the alleged error. 
Young v. State, 8 S.W.3d 656, 666-67 (Tex.Crim.App. 2000). 
There is nothing in the record that supports existence of a
jurisdictional defect.  Also, as noted in
counsel=s brief, appellant=s plea was entered freely and
voluntarily as required by article 26.13 of the Code of Criminal
Procedure.  See Tex.
Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2007).  Counsel discusses the applicable law and the
facts of appellant=s case and concludes there is no
arguably meritorious point that may be raised on this issue.  We agree.

We also agree there is no arguably
meritorious point that may be raised with regard to the punishment assessed to
appellant.  Because appellant=s plea of guilty was an open plea and
not based on an agreement with the State, the court was free to impose any
punishment accorded by statute.  Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App.
1984).  The trial court assessed
punishment for appellant at fifteen years of confinement, a sentence well
within the statutory range.  See Tex.
Health & Safety Code Ann. ' 481.115(c) (Vernon 2003); Tex. Penal
Code Ann. § 12.34 (Vernon 2009); Tex. Penal Code Ann. § 12.42 (Vernon
2003).  It is the general rule that as
long as a sentence is within the proper range of punishment, it will not be
disturbed on appeal.  Jackson,
680 S.W.2d at 814; Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.BAmarillo 1996, pet. ref=d) (Texas courts have traditionally
held that as long as the sentence is within the range of punishment established
by the Legislature in a valid statute, it does not violate state or federal
prohibitions).  

Lastly,
counsel notes the possibility that appellant might argue he received
ineffective assistance of counsel.  See
Strickland v. Washington, 466 U.S. 668, 104 S.Ct.
2052, 80 L.Ed.2d 674 (1984) and Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective
assistance of counsel).  We agree with
counsel that the record contains no support for such a contention.  Our review
convinces us that appellate counsel conducted a complete review of the
record.  We have also made an independent
examination of the entire record to determine whether there are any arguable
grounds which might support the appeal.  We agree it presents no arguably
meritorious grounds for review.  We note,
however, the written judgment indicates a plea bargain was entered.  The record is clear there was no plea bargain
in this case. This Court has the authority to correct, modify and reform a
judgment to make the record speak the truth when it has the necessary
information to do so.[2]  Tex. R. App. P.
43.2(b); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993); Asberry v. State, 813 S.W.2d 526, 529 (Tex.App.Dallas
1991, pet. refd). The necessary information
is provided here.  We modify the judgment
to omit any reference to a plea bargain.

 

 

Accordingly, we grant counsel's
motion to withdraw[3] and affirm the trial courts
judgment, as modified.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.











[1] 
See Tex. Health & Safety Code Ann. ' 481.115(c) (Vernon 2003). 





[2]
The authority of an
appellate court to reform an incorrect judgment is not dependent on the request
of any party, nor does it turn on the question of whether a party has or has
not objected in the trial court.  Asberry, 813 S.W.2d at 529-30.





[3]Counsel shall, within five days after
the opinion is handed down, send his client a copy of the opinion and judgment,
along with notification of the defendant=s right to file a pro se petition for discretionary
review.  See Tex. R. App. P. 48.4.