NO. 07-04-0345-CV


NO. 07-05-0186-CV


NO. 07-05-0253-CV


NO. 07-05-0311-CV


NO. 07-05-0439-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL13, 2006


______________________________



In re: VIVIAN JACKSON, an Incapacitated Person


_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;



NO. 282-1; HON. W. F. "CORKY" ROBERTS, PRESIDING


_______________________________



ORDER DISMISSING APPEALS


 _______________________________


Before QUINN, C.J., REAVIS, J., and BOYD, S.J. (1)

 Appellants, by and through their attorneys, have moved to dismiss the appeals
numbered above due to all matters having been resolved between the parties. Without
passing on the merits of the cases, we grant the motions pursuant to Texas Rule of
Appellate Procedure 42.1(a)(2) and dismiss the appeals. Having dismissed the appeals
at the request of appellants, no motions for rehearing will be entertained, and our
mandates will issue forthwith.


 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon 2005). 



om the death of Jose Herrera, an officer with the Friona, Texas
Police Department. At the time, he was responding to a call for assistance from the
Parmer County Sheriff's office. Herrera heard the call while completing paper work at the
Friona police station after his shift ended, and in responding, his vehicle collided with that
of the fleeing suspect outside the Friona city limits. SORM acknowledged that Herrera's
"legal beneficiaries [were] entitled to receive worker's compensation death benefits" but
disputed its responsibility for their payment. Allegedly, the officer was not acting within the
course and scope of his employment with the State when he and the suspect collided, but
rather within the scope of his employment with the City of Friona. 

 The hearing officer assigned by the Worker's Compensation Commission to resolve
the matter found that Herrera indeed was acting in the service of the State. Disagreeing,
SORM sought relief from an appeal's panel. After the latter ultimately sided with the
hearings officer, SORM then petitioned the trial court for relief. It did so 42 days after the
decision of the panel became appealable. This was too late, according to Herrera's family
members, the City of Friona, and the Texas Municipal League Intergovernmental Risk
Pool. They believed that the agency was required to petition within 30 days and filed a
plea to the jurisdiction of the trial court asserting that contention. The trial court sided with
Herrera, the City and the Risk Pool and dismissed the cause.



Discussion


 The issue before us is whether SORM had merely 30 days to seek redress from the
trial court. The answer to that, according to all involved, depends upon whether the
allegations the agency sought to adjudicate encompass matters of compensability or
coverage. If they fall within the latter, then the 30-day period supposedly applies; if the
former, then SORM had 40 days to act.

 Statute provides two periods within which one must seek judicial review of a
decision rendered by the Workers' Compensation Commission. The first is found at
§410.252 of the Labor Code and states that a "party may seek judicial review by filing suit
not later than the 40th day after the date on which the decision of the appeals panel was
filed with the division." Tex. Lab. Code Ann. §410.252(a) (Vernon 2006). On the other
hand, if the dispute encompasses matters other than that described in §410.301(a) of the
Labor Code, then the parties must abide by the requirements of "Subchapter G, Chapter
2001, Government Code." Tex. Lab. Code Ann. §410.255(a) (Vernon 2006). And, that
subchapter allots only 30 days to perfect judicial review. Tex. Gov't Code Ann.
§2001.176(a) (Vernon 2000). 

 Next, matters alluded to in §410.255(a) and within the scope of §410.301(a) are
those disputes "regarding compensability or eligibility for or the amount of income or death
benefits . . . ." Tex. Lab. Code Ann. §410.301(a) (Vernon 2006) (stating that "judicial review
of a final decision of the appeals panel regarding compensation or eligibility for or the
amount of income or death benefits shall be conducted as provided by this subchapter"). 
So, in considering the directives of §§410.252(a), 410.255(a), and 410.301(a), we cannot
but hold that a party has 40 days to perfect judicial review of controversies implicating
compensability and eligibility for or the amount of income or benefits. In all other cases,
a litigant simply has 30 days. 

 Next, while the Labor Code fails to define the term "compensability," the legislature
nonetheless told us that a "compensable injury" is one "that arises out of and in the course
and scope of employment for which compensation is payable . . . ." Tex. Lab. Code Ann.
§ 401.011(10) (Vernon 2006). From this we see that the meaning of "compensable" and
"compensability" may have several elements, and one requires the injury to occur within
the course and scope of the claimant's employment. See Texas Workers' Comp. Comm'n
v. Garcia, 893 S.W.2d 504, 515 (Tex. 1995) (citing the question of whether an injury
"occurred in the course and scope of employment" as an example of an issue implicating
"compensability"); Texas Property & Cas. Ass'n v. National Am. Ins. Co., No. 03-05-00401-CV, 2006 Tex. App. LEXIS 2605 (Tex. App.-Austin March 31, 2006, no pet. h.) (concluding
that whether an employee was within the course and scope of his employment with several
employers is an issue of compensability). In other words, if the litigants are disputing
whether the injury occurred within that scope, the controversy is one involving
compensability. (1) Texas Property & Cas. Ass'n. National Am. Ins. Co., 2006 Tex. App.
LEXIS 2605 at *35. 

 Next, at the heart of the issue before us lies the topic of who is responsible for
paying the workers' compensation benefits which all agree are due Officer Herrera's kin. 
Furthermore, resolution of that matter depends upon the identity of the governmental body
in whose course and scope of employment he acted when he died. If it was the State's,
then it is responsible for payment. If it was the City's, then the city is liable. And, given that
the crux of the dispute actually requires identification of the employer being served at the
time of death, the issue cannot be but one of compensability. Texas Workers' Comp.
Comm'n v. Garcia, supra; Texas Property & Cas. Ass'n v. National Am. Ins. Co., supra. 
So, the time period set forth in §401.252(a) applied here, and SORM had 40 days within
which to petition for judicial review. Having acted within that period, the trial court had
jurisdiction over the controversy and erred in dismissing it. (2) 

 Accordingly, we sustain SORM's issue, reverse the order of dismissal and remand
the cause for further proceedings. Finally, holding as we do moots the need to address
SORM's contentions regarding the attorney's fees awarded those counsel representing
Herrera's kin. 


 Brian Quinn

 Chief Justice
1. To the extent that the opinion in Morales v. Liberty Mut. Ins. Co., 169 S.W.3d 485 (Tex. App.-El Paso
2005, pet. filed) suggests otherwise, we note that it did not address either the words of the Texas Supreme
Court in Garcia or the statutory definition of "compensable injury." Consequently, we opt not to follow it.
2. We acknowledge that SORM petitioned the trial court for relief 41 days after the appeal panel's
decision. Yet, no one disputes that the 40th day was either a weekend or holiday, and the 41st day was the
first day that was neither. Consequently, acting upon the 41st day was permissible. See Tex. Gov't Code
Ann. §311.014(b) (Vernon 2005) (stating that when the last day of a statutory period within which one must
act is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is none of
those).